

FILED

Feb 23 2018, 11:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



I N   T H E

# Indiana Supreme Court

Supreme Court Case No. 18S-CR-33

## Jacob O. Robinson,

*Appellant (Defendant),*

–v–

## State of Indiana,

*Appellee (Plaintiff).*

Argued: February 15, 2018 | Decided: February 23, 2018

Appeal from the Floyd Circuit Court, No. 22C01-1402-FD-377
The Honorable J. Terrence Cody

On Petition to Transfer from the Indiana Court of Appeals,
No. 22A01-1604-CR-856

**Per Curiam Opinion**

All Justices concur.

**Per Curiam.**

## Facts and Procedural History

On February 21, 2014, Jacob O. Robinson fled from police on foot, attempted to enter a house without the owner's permission, and broke the doorknob. The State charged Robinson under Case No. 22C01-1402-FD-377 ("Case 377") with Class D felony attempted residential entry, Class D felony possession of methamphetamine, Class D felony unlawful possession of a syringe, Class A misdemeanor possession of marijuana, Class A misdemeanor possession of paraphernalia, and Class A misdemeanor resisting law enforcement. The State also alleged Robinson is a habitual offender and a habitual substance offender.

In November 2014, while out on bond, Robinson fled from police while driving his car. The State charged Robinson under Case No. 22C01-1411-F6-1932 ("Case 1932") with Level 6 felony resisting law enforcement and alleged he is a habitual offender.

In Case No. 377, Robinson pleaded guilty to Class D felony attempted residential entry. *See* Ind. Code §§ 35-43-2-1.5 (effective 1991 to June 30, 2014), 35-41-5-1 (effective 1977 to June 30, 2014). He also admitted to being a habitual substance offender. In Case No. 1932, Robinson pleaded guilty to Level 6 felony resisting law enforcement. In exchange, the State dismissed all other charges in Case No. 377 and, in both cases, dropped the allegation that Robinson is a habitual offender.

At the guilty plea hearing, the trial court scheduled a sentencing hearing for September 24, 2015, at 10:30 a.m., and instructed Robinson to make an appointment with the probation department for purposes of the presentence investigation report. (Tr. pp. 20-21.) Robinson failed to attend two scheduled appointments.

Robinson also failed to appear at his sentencing hearing. His attorney appeared late due to a trial in another county. Counsel orally moved for a continuance of the sentencing hearing, informing the court he had received a text from Robinson that morning at 6:34 a.m. asking counsel to

"get this case laid over" because Robinson had a real estate closing "coming up in the next few days" and "wish[ed] to get his ducks in line." (Tr. p. 25.) Counsel had tried to call Robinson, but Robinson's phone did not accept calls, only texts, and counsel was unable to send a text due to problems with his service provider.

The trial court denied a continuance, indicating

> Mr. Robinson was in Court on the day that this hearing was scheduled and he blew off two appointments with . . . the probation officer [ ] in preparation of the Report and that leads me to the conclusion that Mr. Robinson isn't taking this matter seriously so that's why I'm denying the continuance[.]

(Tr. p. 27.)

The court held the hearing in Robinson's absence, and counsel presented argument in Robinson's defense. The presentence investigation report filed with the court indicates Robinson has an extensive criminal history that includes multiple drug related convictions. The court sentenced Robinson to three years executed on the attempted residential entry conviction and two years executed on the resisting law enforcement conviction, with the sentences to be served consecutively. The court withheld sentencing on the habitual substance offender enhancement until Robinson appeared in court and issued a warrant for his arrest.

Robinson was arrested in January 2016. He appeared with counsel at the second sentencing hearing on March 3, 2016. The court imposed a three-year sentence on the habitual substance offender enhancement, with one and one-half years executed and one and one-half years suspended to probation.

Robinson appealed and raised two issues. First, whether the trial court abused its discretion in denying his motion to continue the sentencing hearing. Second, whether the maximum sentence on the attempted residential entry conviction was inappropriate under Appellate Rule 7(B). The Court of Appeals addressed neither issue and, instead, *sua sponte*

reversed on other grounds. *Robinson v. State*, 84 N.E.3d 652 (Ind. Ct. App. 2017), *vacated*.

Having granted transfer, we address the issues Robinson raised on appeal.[1]

# Discussion and Decision

## I. The Trial Court Did Not Abuse Its Discretion in Denying a Continuance.

Rulings on non-statutory motions for continuance are within the trial court's discretion and will be reversed only for an abuse of that discretion and resultant prejudice. *Maxey v. State*, 730 N.E.2d 158, 160 (Ind. 2000). An abuse occurs only where the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Palmer v. State*, 704 N.E.2d 124, 127 (Ind. 1999). "There is a strong presumption that the trial court properly exercised its discretion." *Warner v. State*, 773 N.E.2d 239, 247 (Ind. 2002).

We conclude the trial court did not abuse its discretion in denying Robinson's request to continue the sentencing hearing.  Robinson sought a last-minute continuance on grounds he had a real estate closing within the next few days and desired to "get his ducks in line." He also failed to attend two appointments with the probation department.

## II. The Trial Court's Sentence for Attempted Residential Entry Is Not Inappropriate.

The Indiana Constitution authorizes appellate review and revision of a trial court's sentencing decision.  Ind. Const. art. 7, §§ 4, 6; *Serino v. State*,

---

[1] The State raised a single issue on cross-appeal, whether Robinson timely filed his Notice of Appeal.  We find it unnecessary to address this issue.

798 N.E.2d 852, 856 (Ind. 2003).  This authority is implemented through Indiana Appellate Rule 7(B), which permits an appellate court to revise a sentence if, after due consideration of the trial court's decision, the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Serino*, 798 N.E.2d at 856. The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The burden is on the defendant to persuade the reviewing court that the sentence is inappropriate. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016).

Under the statute then in effect, the sentence for a Class D felony was a fixed term between six months and three years, with an advisory term of one and one-half years. I.C § 35-50-2-7 (effective July 1, 2013 to June 30, 2014). The trial court sentenced Robinson to three years executed on the conviction for Class D felony attempted residential entry, finding Robinson's criminal history outweighed any mitigating factors. (Tr. p. 35.)

Our judgment is that the sentence imposed by the trial court is not inappropriate under Appellate Rule 7(B) and does not warrant appellate revision.

## Conclusion

We affirm the trial court.

All Justices concur.

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana