## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 30 2018, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jody A. Cliver, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 30, 2018 <br><br> Court of Appeals Case No. 18A-CR-194 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable John T. Roach, Judge <br><br> Trial Court Cause Nos. 84D01-1406-FD-1729 84D01-1503-F6-669 |

**Najam, Judge.**

## Statement of the Case

Jody A. Cliver appeals her sentence following the trial court's revocation of her probation. Cliver presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered her to serve the balance of her sentence in the Department of Correction. We affirm.

## Facts and Procedural History

In January of 2017, Cliver pleaded guilty to fraud, as a Class D felony, and to obtaining a controlled substance by fraud or deceit, as a Level 6 felony. In exchange for her guilty plea, the State dismissed three additional charges that were pending against Cliver, including two felony allegations. The court accepted Cliver's guilty plea and sentenced her to an aggregate term of five years suspended to probation. In particular, the court ordered Cliver to "reside in and successfully complete sober living." Appellant's App. Vol. 2 at 19, 31.

In June, the State filed a notice of probation violation in which the State alleged that Cliver had been discharged from her residential program "for violating program rules against the use of illicit drugs and non-prescription medication." *Id.* at 108. In a September order on that notice of probation violation, the court, "[b]y agreement of the parties," ordered Cliver "released on her own recognizance" to a different residential program, "to reside there until further order of the court," and to "comply with all rules" of the new program. *Id.* at 119. The court warned that "[a]ny violation will result in defendant's return to the Vigo County Jail." *Id.*

[4] One week later, the State filed an amended notice of probation violation. In the amended notice, the State alleged that, following the court's September order, Cliver was discharged from the second residential program "for having narcotics in her possession and . . . offering them to other . . . residents." *Id.* at 120. At an ensuing evidentiary hearing, Cliver admitted to the alleged violations at both residential programs. The court then revoked Cliver's probation and ordered her to serve the balance of her five-year sentence in the Indiana Department of Correction. However, the court directed Cliver to serve purposeful incarceration and stated that, upon her successful completion of the clinically appropriate substance abuse treatment program, the court "will consider a modification to this sentence." *Id.* at 136. This appeal ensued.

## Discussion and Decision

[5] Cliver appeals the trial court's order that she serve the balance of her previously suspended sentence. Probation is a matter of grace left to trial court discretion. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). Upon finding that a defendant has violated a condition of her probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3) (2017). We review the trial court's sentencing decision following the revocation of probation for an abuse of discretion. *Cox v. State*, 850 N.E.2d 485, 489 (Ind. Ct. App. 2006). An abuse of discretion occurs "only where the trial court's decision is clearly against the logic and effect of the facts and circumstances" before the court. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018) (per curiam). We will not reweigh the

evidence or reconsider witness credibility. *Griffith v. State*, 788 N.E.2d 835, 839-40 (Ind. 2003). Rather, we consider only the evidence most favorable to the trial court's judgment to determine if there was substantial evidence of probative value to support the court's ruling. *Id.*

[6] Here, Cliver asserts that the trial court abused its discretion when it ordered her to serve the balance of her previously suspended sentence because she testified that her possession of narcotics at the second residential program was consistent with a prescription, even though she mistakenly kept the narcotics in her possession instead of surrendering them to the program's staff. Cliver also notes that her probation officer stated that he had no reason to doubt Cliver's testimony that she was employed, although he had not been able to verify her employment, and that he had made arrangements for her to stay at a third residential program if so ordered by the court. Cliver further asserts that there was no evidence that another county had placed a hold out for her, which the trial court had inquired about during the evidentiary hearing.

[7] Cliver's arguments on appeal are inconsistent with our standard of review. In effect, Cliver simply asks that this court credit her testimony, which we cannot do. Indeed, the trial court here expressly declined to credit Cliver's testimony. Tr. at 19. And neither are we persuaded that the probation officer's arrangements with a third residential program and whether or not a hold against Cliver from another county played any role, or were required to play any role, in the trial court's judgment here. Accordingly, we reject Cliver's arguments on appeal.

[8] The trial court's judgment is supported by substantial evidence and was within the court's sound discretion. As the State points out, the trial court has treated Cliver "generously." Appellee's Br. at 8. The court originally suspended the entirety of her aggregate sentence. About six months later, the State filed its original notice of probation violation based on Cliver's continuing attempts to use narcotics despite being in a residential program. But the court did not then order Cliver to serve the balance of her sentence. Instead, the court gave her another opportunity to serve her probation in a residential program and warned her that any further violations would result in incarceration. Yet Cliver did not heed the court's warning. Rather, she again violated the conditions of her probation when she had narcotics on her person at the second residential program. And, in ordering Cliver to serve the balance of her previously suspended sentence, the court has continued to leave open the opportunity for Cliver to seek a modification upon her successful completion of purposeful incarceration. Thus, the court's order that Cliver serve the balance of her term is supported by the record and well within the trial court's discretion. We affirm the court's judgment.

[9] Affirmed.

Robb, J., and Altice, J., concur.