## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 03 2018, 6:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Allen Allmond,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 3, 2018<br><br>Court of Appeals Case No.<br>18A-CR-207<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Mark K. Dudley, Judge<br><br>The Honorable Jason A. Childers, Judge Pro Tempore<br><br>Trial Court Cause Nos.<br>48C06-1705-F6-1382<br>48D01-0601-FB-27<br>48C06-1608-F6-1538 |

**Najam, Judge.**

# Statement of the Case

Allen Allmond appeals his sentence following the trial court's revocation of his probation and placement in a work release program. Allmond presents two issues for our review, which we restate as follows:

> 1. Whether the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentences in the Department of Correction.
>
> 2. Whether the trial court erred when it awarded Allmond credit time.

We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

On June 12, 2006, Allmond pleaded guilty to three counts of burglary, as Class B felonies; one count of arson, as a Class B felony; and three counts of theft, as Class D felonies, in Cause Number 48D01-0601-FB-27 ("FB-27"). The trial court sentenced Allmond to an aggregate sentence of twenty years, with fifteen years executed in the Department of Correction and five years suspended to probation.

Sometime thereafter, Allmond was released to probation. On March 17, 2016, the State filed a notice of violation in which it alleged that Allmond had violated the terms of his probation when he failed to keep the probation department informed of his address and when he failed to timely report to probation. At a hearing on the violations, Allmond admitted that he had

violated the terms of his probation. The trial court determined that Allmond's violations did not warrant jail time and returned him to probation.

[5] On August 5, the State charged Allmond with domestic battery and possession of methamphetamine, both as Level 6 felonies, in Cause Number 48C06-1608-F6-1538 ("F6-1538"). On August 8, the State filed a second notice of violation in FB-27 based on those charges. After a hearing, the court found that Allmond had violated the terms of his probation when he committed domestic battery in F6-1538. As a result, the court revoked one year of Allmond's previously suspended sentence in FB-27 and ordered Allmond to report to the Department of Correction on August 30. The trial court awarded Allmond credit time for time that Allmond had spent incarcerated from June 19 through July 12 and August 8 through August 30.

[6] On February 2, 2017, Allmond pleaded guilty to domestic battery, as a Level 6 felony, in F6-1538. On February 14, the trial court sentenced him to two years, with one year to be spent on home detention and one year suspended to probation. The court ordered that sentence to run consecutive to Allmond's sentence in FB-27.

[7] On April 21, after he had been released to probation in F6-1538, Allmond's probation officer filed a notice of violation in that cause and alleged that Allmond had committed new crimes of escape and theft. The officer further alleged that Allmond had failed to pay home detention fees. And, on June 6, the State charged Allmond with one count of escape, as a Level 6 felony, and

one count of theft, as a Class A misdemeanor, in Cause Number 48C06-1705-F6-1382 ("F6-1382").

[8] On July 18, Allmond pleaded guilty as charged in F6-1382. The trial court accepted Allmond's guilty plea and sentenced him to two years, with one year to be served on work release and one year suspended to probation. The trial court ordered that sentence to run consecutive to Allmond's prior sentences. The trial court also noted that any credit time Allmond had already received was to be applied to his sentence in F6-1538.

[9] When he pleaded guilty in F6-1382, Allmond also admitted to violating the terms of his home detention in F6-1538. The court then revoked two years of Allmond's previously suspended sentence in F6-1538 and ordered him to serve those two years on work release. The court awarded him credit time for time he had spent incarcerated from January 25 through February 14, March 3 through April 17, April 27 through May 1, and June 25 through July 25.

[10] On July 31, Allmond failed to return to his detention facility. The State charged Allmond with failure to return to lawful detention, as a Level 6 felony, in Cause Number 48C06-1709-F6-2081 ("F6-2081"). Additionally, the State charged Allmond with sexual battery, as a Level 6 felony, in Cause Number 48C06-1709-F6-2388 ("F6-2388") based on events that had occurred on August 15. And the State charged Allmond with resisting law enforcement, as a Level

6 felony, in Cause Number 48C06-1710-F6-2598 ("F6-2598") after Allmond had attempted to flee from law enforcement officers on October 17.[1]

[11] On October 20, the State filed notices of violation in both FB-27 and F6-1382. In both notices, the State alleged that Allmond had violated the terms of his suspended sentence when he failed to return to lawful detention in F6-2081 and when he committed sexual battery in F6-2388. Additionally, in the notice of violation for F6-1382, the State alleged that Allmond had violated the terms of his suspended sentence when he committed the new offense of resisting law enforcement in F6-2598. Thereafter, on November 15, the State also filed a petition to terminate Allmond's participation on work release in F6-1538. In that petition, the State alleged that Allmond had violated the terms of his work release program when he left the facility on July 30 and never returned. It also alleged that Allmond owed $154.99 in arrears to the work release center.

[12] The trial court held a joint hearing on the two notices of violation in FB-27 and F6-1382 and the petition to terminate his participation in the work release program in F6-1538. At the conclusion of the hearing, the court found that Allmond had failed to return to lawful detention, that Allmond had committed sexual battery, and that Allmond had resisted law enforcement. Accordingly, the trial court found that Allmond had violated the terms of his probation in FB-27 and F6-1382 and that he had violated the terms of his work release

---

[1] The record does not provide any information as to the disposition of those three criminal charges.

program in F6-1538 as alleged. In FB-27, the trial court revoked four years of Allmond's sentence, ordered him to serve the remainder of the sentence in the Department of Correction, and gave him credit time for time served from June 19 through July 12, 2016,[2] and from October 17 through December 21, 2017. In F6-1538, the trial court revoked two years of Allmond's previously suspended sentence and ordered that all credit time in that cause be applied to his sentence in FB-27. Finally, in F6-1382, the trial court revoked two years of Allmond's previously suspended sentence and awarded him no credit time. This appeal ensued.

## Discussion and Decision

### Issue One: Previously Suspended Sentence

[13] Allmond first contends that the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentences in the Department of Correction. Probation is a matter of grace left to trial court discretion. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). Upon finding that a defendant has violated a condition of his probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3) (2018). We review the trial court's sentencing decision following the revocation of probation for an abuse

---

[2] In its sanctions order, the trial court awarded Allmond credit for time served from June 19 through July 12, 2017. But both parties agree that that is a scrivener's error and that Allmond was actually incarcerated during those dates in 2016.

of discretion. *Cox v. State*, 850 N.E.2d 485, 489 (Ind. Ct. App. 2006). An abuse of discretion occurs "only where the trial court's decision is clearly against the logic and effect of the facts and circumstances" before the court. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018) (per curiam). We will not reweigh the evidence or reconsider witness credibility. *Griffith v. State*, 788 N.E.2d 835, 839-40 (Ind. 2003). Rather, we consider only the evidence most favorable to the trial court's judgment to determine if there was substantial evidence of probative value to support the court's ruling. *Id*.

[14] Here, Allmond does not dispute that he repeatedly violated the terms of his probation and his work release program. Rather, he asserts that the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentences in the Department of Correction because he has a drug problem and because he "expressed an interest in the Continuum of Sanctions Program and the Drug Court Program" to assist him with his addiction. Appellant's Br. at 14. In essence, Allmond contends that the trial court abused its discretion when it did "not explor[e] alternatives to incarceration." *Id*. at 15.

[15] But we cannot say that the trial court abused its discretion when it ordered Allmond to serve the balance of his sentences in the Department of Correction. Allmond violated the terms of his probation in FB-27 when he committed the offense in F6-1538. And he violated the terms of his probation in F6-1538 when he committed the offenses in F6-1382. As a result of those violations, the trial court revoked one year of his suspended sentence in FB-27, and it revoked his suspended sentence in F6-1538 and placed him on work release.

[16]　But, despite the numerous opportunities the trial court gave him, Allmond continued to commit new offenses and violate the terms of his probation and work release program. Indeed, Allmond again violated the terms of his probation in FB-27 and F6-1382 when he failed to return to lawful custody and when he committed sexual battery. He further violated the terms of his probation in F6-1382 when he resisted law enforcement. And he violated the terms of his work release program in F6-1538 when he failed to return to lawful detention. Thus, we agree with the State that Allmond "has displayed nothing but complete disregard for the rules of probation." Appellee's Br. at 16. The court's orders that Allmond serve the balance of his previously suspended sentences in the Department of Correction are supported by the record and well within the trial court's discretion.

### Issue Two: Credit Time

[17]　Allmond next contends that the trial court erred when it awarded him credit time. Credit time is a matter of statutory right, and trial courts do not have discretion in awarding or denying such credit. *Hickman v. State*, 81 N.E.3d 1083, 1085 (Ind. Ct. App. 2017). In its sanctions order in FB-27, the trial court awarded Allmond credit time for time he was incarcerated from June 19 through July 12, 2016, and from October 17 through December 22, 2017, plus good time credit. And in its sanctions order in F6-1538, the trial court stated that "all credit" time in that cause is to be applied to FB-27. Appellant's App. Vol. II at 90. Finally, the court awarded Allmond no credit time in F6-1383.

[18]    We initially address Allmond's contention that the trial court's order awarding him credit for time served from June 19 through July 12, 2016, was "in error" because that date range is "not applicable to the current sanction." Appellant's Br. at 17. Allmond further states that the credit time from June 16 through July 12, 2016, is not applicable because it is "credit time that was previously awarded on a prior sanction." *Id*. at 10. We agree.

[19]    After the State filed its second notice of violation in FB-27, the trial court revoked one year of Allmond's suspended sentence and ordered that he execute that year at the Department of Correction beginning on August 30. At that point, the trial court awarded credit time to Allmond for days he had spent incarcerated between June 19 and July 12, 2016. Thus, it is apparent that that credit time was applied to Allmond's one-year sentence that began to run on August 30. Because Allmond's credit time for that date range had already been applied to a prior, already executed sentence, the trial court cannot also award credit time to Allmond for those same dates for the present probation violation. The trial court therefore erred when it awarded Allmond credit time for the days he spent incarcerated from June 19 through July 12, 2016.

[20]    Allmond next contends that he is entitled to credit time for time he was incarcerated during the following date ranges: January 25 through February 14, March 3 through April 17, April 27 through May 1, June 25 through July 25, July 25 through July 30, and October 17 through December 21, 2017. He asserts that he, the trial court, and the State all "agreed to the application of credit time and acknowledged its accuracy" and, thus, the trial court erred

when it only awarded him credit for days served from October 17 through December 21. *Id*. at 17.

[21] The State does not dispute that Allmond deserves credit time for those date ranges. Rather, the State contends that the trial court did award Allmond credit time for those date ranges in past sanction orders and that "[n]othing in the most recent three Sanctions Orders removes or takes away from any of the above assigned credit time." Appellee's Br. at 18. The State further asserts that the present sanctions order in FB-1538 "simply incorporated by reference all past Sanctions Orders' assignment of credit" time. *Id*. at 17-18. We agree with the State's reading of the record, with one exception.

[22] When the trial court first revoked Allmond's suspended sentence and ordered him to serve that sentence on work release, the court awarded Allmond credit time plus good time credit for the following date ranges: January 25 through February 14, March 3 through April 17, April 27 through May 1, and June 25 through July 25, 2017. Accordingly, the trial court had already applied credit time for those date ranges to Allmond's sentence. Because the trial court had already applied that credit time to his sentence, the court cannot again apply credit time for the same date ranges to the present sanction. Thus, the trial court did not err when it did not apply credit time to the current sanction for those date ranges.

[23] However, we agree with Allmond that the trial court did err when it failed to give him credit time plus good time credit for the time he had spent on work

release from July 25 through July 30. It is clear from the record, and the State does not dispute, that Allmond is entitled to credit time for those dates. However, nowhere in any sanctions order or abstract of judgment for F6-1538 or FB-27 did the trial court award Allmond credit for those days.

[24] In sum, we affirm the trial court's order revoking the balance of Allmond's previously suspended sentences. And we affirm the trial court's award of credit time plus good time credit to Allmond for the time Allmond had served from October 17 through December 21. We further hold that the trial court did not err when it did not again award Allmond credit time for the following date ranges: January 25 through February 14, March 3 through April 17, April 27 through May 1, and June 25 through July 25, 2017. However, we hold that the trial court erred when it awarded Allmond good time credit for the time he had spent incarcerated from June 19 through July 12, 2016, and when it did not award Allmond credit time plus good time credit for the time Allmond served on work release from July 25 through July 30, 2017. Accordingly, we reverse the trial court's determination as to Allmond's credit time, and we remand to the trial court with instructions to award Allmond credit time plus good time credit for the time he had spent on work release from July 25 through July 30 in addition to credit time that Allmond earned for the time he spent incarcerated from October 17 through December 21.

[25] Affirmed in part, reversed in part, and remanded with instructions.

Crone, J., and Altice, J., concur.