# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 10 2019, 6:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Chealyn Colley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 10, 2019

Court of Appeals Case No.
18A-CR-2290

Appeal from the Ripley Superior Court

The Honorable Jeffrey L. Sharp, Judge

Trial Court Cause No.
69D01-1608-F6-160

**Najam, Judge.**

# Statement of the Case

Chealyn Colley appeals her sentence following the trial court's revocation of her probation. Colley presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered her to serve 730 days of her previously suspended sentence in the Ripley County Jail.

We affirm.

# Facts and Procedural History

In April 2017, Colley pleaded guilty to operating a vehicle while intoxicated, as a Level 6 felony. In exchange for her plea, the State dismissed two charges, namely, neglect of a dependent, as a Level 6 felony, and operating a vehicle with a controlled substance in her body, a Class C misdemeanor. In May, the trial court accepted Colley's guilty plea and sentenced her to 910 days with 908 days suspended to probation.

On December 18, 2017, the State filed a petition for probation violation hearing alleging that Colley had committed auto theft, as a Level 6 felony, and that she had tested positive for methamphetamine and marijuana. On Colley's motion, the trial court delayed the factfinding hearing to permit Colley to undergo inpatient treatment for substance abuse at Tara Treatment Center. Colley completed that treatment on February 23, 2018.

On March 1, the State filed its second amended petition for probation violation hearing alleging that, in addition to the allegations set out in the first petition,

Colley had committed possession of paraphernalia. Thereafter, the State filed additional amended petitions for probation violation hearings alleging that, in addition to the allegations set out in the prior petitions, Colley had committed possession of methamphetamine, as a Level 6 felony, and maintaining a common nuisance, a Level 6 felony.

On August 22,[1] the trial court held a hearing on the State's petitions to revoke Colley's probation. At the hearing, Colley admitted only to the allegation that she had committed auto theft, as a Level 6 felony, while on probation. The court then revoked Colley's probation and ordered her to serve 730 days of her previously suspended sentence in the Ripley County Jail. This appeal ensued.

## Discussion and Decision

Colley appeals the trial court's order that she serve 730 days of her previously suspended sentence. Probation is a matter of grace left to trial court discretion. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). Upon finding that a defendant has violated a condition of her probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3) (2017). We review the trial court's sentencing decision following the revocation of probation for an abuse of discretion. *Cox v. State*, 850 N.E.2d 485, 489 (Ind. Ct. App. 2006). An abuse of discretion occurs "only where the trial court's decision is clearly against the

---

[1] Colley failed to appear at a factfinding hearing scheduled on April 10.

logic and effect of the facts and circumstances" before the court. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018) (per curiam). We will not reweigh the evidence or reconsider witness credibility. *Griffith v. State*, 788 N.E.2d 835, 839-40 (Ind. 2003). Rather, we consider only the evidence most favorable to the trial court's judgment to determine if there was substantial evidence of probative value to support the court's ruling. *Id.*

[8] Here, Colley asserts that the trial court abused its discretion when it ordered her to serve 730 days of her previously suspended sentence because her substance abuse "had substantially contributed to her prior criminal conduct," she had stayed "sober and had ceased engaging in criminal behavior" for "approximately eight months prior to her sentencing," and she was making progress in battling her substance abuse and maintaining a stable lifestyle. Appellant's Br. at 12. However, Colley's contentions on appeal amount to a request that we reweigh the evidence, which we cannot do.

[9] The trial court's judgment is supported by substantial evidence and was within the court's sound discretion. The trial court originally suspended all but two days of Colley's sentence. In December 2017, Colley committed auto theft, as a Level 6 felony. That single violation is sufficient to support the revocation of her probation. And while Colley's efforts to overcome her substance abuse are laudable, the court's order that she serve 730 days of her suspended sentence is supported by the record and well within the trial court's discretion. We affirm the court's judgment.

[10]   Affirmed.

Pyle, J., and Altice, J., concur.