## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2019, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Kimberly A. Jackson<br>Indianapolis, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tosumba D. Welch,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 23, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2039<br><br>Appeal from the Greene Superior Court<br><br>The Honorable Dena A. Martin, Judge<br><br>Trial Court Cause No.<br>28D01-1709-F3-7 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Tosumba Welch (Welch), appeals from his sentence for two Counts of domestic battery with serious bodily injury to a person less than fourteen years old, both as Level 3 felonies, Ind. Code § 35-42-2-1.3(a), (e).

We affirm.

# ISSUE

Welch presents one issue on appeal, which we restate as: Whether his eighteen-year aggregate executed sentence is inappropriate in light of the nature of his offenses and his character.

# FACTS AND PROCEDURAL HISTORY

Welch and E.C. are the parents of C.W., who was nine months old in August 2017. Welch, E.C., and C.W. lived with E.C.'s mother in Linton, Indiana. On Saturday, August 26, 2017, Welch cared for C.W. alone at home. On Sunday, August 27, 2017, around 10:00 p.m., C.W. became unresponsive and suffered a series of seizures. C.W. was rushed to the Greene County Hospital. Welch initially reported that C.W. had fallen on Saturday and hit her head against a television stand. C.W. was found to have multiple skull fractures and three subdural hematomas. In addition, C.W. had four healing rib fractures and three fresh rib fractures. C.W. was placed on life support and was transported to Riley Hospital in Indianapolis for treatment.

On August 29, 2017, Welch met with a Department of Child Services case manager and reported for the first time that he had punched C.W. in her head and had forcefully squeezed C.W. between his arm and chest. Welch subsequently admitted that, starting when C.W. was four months old, he had punched her in the head on no fewer than ten occasions. Welch also admitted that, on five or six occasions, he had forcibly squeezed C.W. Welch punched and squeezed C.W. attempting to stop her crying.

On September 1, 2017, the State filed an Information, charging Welch with three Counts of domestic battery with serious bodily injury to a person under fourteen, all as Level 3 felonies, and one Count of neglect of a dependent resulting in serious bodily injury, a Level 3 felony. On March 22, 2018, Welch entered into a plea agreement with the State that provided a cap of twenty years on Welch's sentence, with a cap of eighteen years on the executed portion of the sentence.

The presentence investigation report (PSI) showed that Welch was nineteen years old when he committed the offenses. Welch had experienced homelessness and physical abuse as a child. Welch was removed from his mother's care when he was fifteen years old after his mother's boyfriend stabbed his mother. Welch was in foster care for two years. Welch had contacts with the juvenile justice system for possession of paraphernalia, being a runaway, and criminal trespass. Welch was a daily consumer of marijuana and had been abusing prescription pain medication since the age of seventeen. In her victim's impact statement appended to Welch's PSI, C.W.'s grandmother related that

after C.W. was rushed to the hospital on August 27, 2017, she was in a coma for four days and had "code blue" status on four occasions. (Appellant's Confidential App. Vol. II, p. 93).

[8] Although she was no longer hospitalized, C.W. was required to take anti-seizure medication and continued to experience after-effects of the offenses. The probation officer who prepared the PSI recommended that the trial court impose consecutive sentences because, "[t]his wasn't merely a [one-time] lapse of judgment caused by the frustration from having a newborn. This was consistent and sustained abuse that lasted several months and almost killed a [nine-month-old] child." (Appellant's Conf. App. Vol. II, pp. 122-23).

[9] On August 2, 2018, the trial court held a combined guilty plea and sentencing hearing. Pursuant to the terms of his plea agreement, Welch pleaded guilty to two Counts of domestic battery with serious bodily injury to a person under fourteen, one Count for punching C.W. in the head on or about August 26, 2017, and one Count for squeezing C.W. during August 2017. The trial court found Welch's age, lack of criminal record, guilty plea and cooperation with law enforcement, remorse, his difficult childhood, and the fact that he may respond affirmatively to incarceration as mitigating circumstances. The trial court found Welch's criminal record to be an aggravating circumstance but did not attribute great weight to that factor. The trial court found as additional aggravating circumstances that the injury to C.W. was greater than necessary to prove the offenses, C.W. was only nine months old, and that Welch was in a position of having care, custody, and control over C.W. The trial court

sentenced Welch to ten years for each Count, with one year suspended from each sentence. The trial court ordered Welch to serve his sentences consecutively, for an aggregate executed sentence of eighteen years.

[10] Welch now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[11] Welch argues that his sentence is inappropriate given the nature of his offenses and his character. The Indiana Constitution and Indiana Appellate Rule 7(B) permit an appellate court to revise a sentence if, after due consideration of the trial court's decision, the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018). However, sentencing review under Appellate Rule 7(b) is deferential to the trial court's judgment. *Stephensen v. State*, 29 N.E.3d 111, 122 (Ind. 2015). That deference will not be overridden unless it is "overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Id.* The defendant bears the burden to persuade the reviewing court that the sentence imposed is inappropriate. *Robinson*, 91 N.E.3d at 577.

[12] Welch pleaded guilty to two Counts of Level 3 felony domestic battery with serious bodily injury to a person less than fourteen years old. The sentencing range for a Level 3 felony is from three to sixteen years, with nine years being

the advisory sentence. I.C. § 35-50-2-5(b). Welch's plea agreement provided a cap of twenty years on his sentence, with a cap of eighteen years on the executed portion of his sentence, and thus, the trial court's sentence was the maximum allowable pursuant to the terms of the plea agreement.

[13] The nature of Welch's offenses was egregious. C.W. did what infants do–she cried. Welch responded to C.W. by punching her in the head and squeezing her between his arm and chest until her ribs broke. The offenses resulted in such grave injury to C.W. that she was placed on life support and had to be transported by helicopter to Riley Hospital for care. At the time Welch committed the offenses, C.W. was a nine-month-old infant who was utterly dependent upon Welch. She was unable to evade Welch or tell others what was happening to her.

[14] As noted in Welch's PSI, the offenses were not isolated incidents or lapses of judgment on Welch's part. Welch was only charged with one instance of punching C.W. and one instance of squeezing C.W., but, beginning when she was only four months old, he had punched C.W. in the head no fewer than ten times and squeezed her on five or six occasions. Thus, the harm he inflicted on C.W. was much greater than that necessary to prove the offenses. Because the charged offenses took place at different times between which Welch could have sought help, but did not, for his conduct or at least reported it so that C.W. could have been seen by medical professionals, we do not find it inappropriate that Welch should serve his sentences for the offenses consecutively. *See Powell v. State*, 895 N.E.2d 1259, 1263 (Ind. Ct. App. 2008) ("The basis for the gross

impact that consecutive sentences may have is the moral principle that each separate and distinct criminal act deserves a separately experienced punishment"), *trans. denied*.

[15]     Welch argues that he was overwhelmed by his parenting responsibilities and that the State did not show that he had inflicted long-term injury on C.W. However, Welch lived with C.W.'s mother and grandparents. This was not a case where Welch had no opportunity for guidance or assistance on parenting. In addition, C.W.'s grandmother related to the trial court that C.W. was required to take anti-seizure medication after the offenses and that C.W. continued to experience after-effects. Welch nearly killed his nine-month-old daughter, and that was a severe enough injury to merit the sentence imposed by the trial court.

[16]     We acknowledge the several positive aspects of Welch's character, such as his remorse, his cooperation with law enforcement, his guilty plea, and his relative lack of criminal record. However, we also note that Welch was not initially entirely honest with medical personnel or law enforcement about his conduct and he received a substantial benefit as a result of his guilty plea in the form of the dismissal of two additional Level 3 felonies and a cap on his individual sentences for the offenses that resulted in his potential sentence being reduced from thirty-two years to twenty years. We also note that the majority of young parents, even those who have experienced a difficult childhood, do not engage in the brutality Welch exhibited towards C.W. In short, we simply do not find Welch's character to be so compelling as to override the deference due to the

trial court's judgment, particularly in light of the nature of Welch's offenses. *See Stephensen*, 29 N.E.3d at 122; *see also Laux v. State*, 821 N.E.2d 816, 823 (Ind. 2005) (finding the sentence imposed not inappropriate despite Laux's positive character traits, as "we cannot ignore the brutality of the crime he committed").

# CONCLUSION

[17] Based on the foregoing, we conclude that Welch's sentence is not inappropriate given the nature of his offenses and his character.

[18] Affirmed.

[19] Kirsch, J. and Robb, J. concur