# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 25 2020, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ana M. Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher W. Lopilato,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 25, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2747<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Thomas A. Cannon, Jr., Judge<br><br>Trial Court Cause No.<br>18C05-1211-FB-16 |

**Najam, Judge.**

## Statement of the Case

Christopher W. Lopilato appeals his sentence following the trial court's revocation of his probation. Lopilato presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence in the Department of Correction.

We affirm.

## Facts and Procedural History

On August 26, 2013, Lopilato pleaded guilty to dealing in a controlled substance, as a Class B felony, in Cause Number 18C05-1211-FB-16 ("FB-16"). In exchange for his plea, the State dismissed five additional charges. The trial court accepted Lopilato's guilty plea and sentenced him to ten years, with seven years executed in the Department of Correction and three years suspended to probation.

In early 2015, Lopilato completed a therapeutic community program, and he moved the court to modify his sentence. On March 3, the court granted Lopilato's motion and modified his sentence to ten years, with five years executed and five years suspended to probation. The court then found that Lopilato had completed the executed portion of his sentence and released him to probation.

In early 2017, while he was on probation, the State charged Lopilato with several drug-related offenses in Cause Number 48C03-1701-F3-99 ("F3-99"). On June 13, the State filed a petition to revoke Lopilato's placement on probation in FB-16, in which the State alleged that Lopilato had violated the terms of his placement when he committed the offenses in F3-99. Thereafter, on November 6, Lopilato pleaded guilty in F3-99 to dealing in a controlled substance, as a Level 3 felony; dealing in a controlled substance, as a Level 5 felony; two counts of possession of a controlled substance, as Class A misdemeanors; and possession of marijuana, as a Class B misdemeanor.

On July 23, 2019, the trial court held a hearing on the State's petition to revoke Lopilato's placement on probation in FB-16. At that hearing, Lopilato admitted to the alleged violations. Accordingly, the court revoked his placement on probation and ordered him to serve the balance of his previously suspended sentence in the Department of Correction. This appeal ensued.

## Discussion and Decision

Lopilato appeals the trial court's order that he serve the balance of his previously suspended sentence. Probation is a matter of grace left to trial court discretion. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). Upon finding that a defendant has violated a condition of his probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3) (2019). We review the trial court's sentencing decision following the revocation of probation for an abuse of discretion. *Cox v. State*, 850 N.E.2d 485, 489 (Ind. Ct. App. 2006). An abuse

of discretion occurs "only where the trial court's decision is clearly against the logic and effect of the facts and circumstances" before the court. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018) (per curiam). We will not reweigh the evidence or reconsider witness credibility. *Griffith v. State*, 788 N.E.2d 835, 839-40 (Ind. 2003). Rather, we consider only the evidence most favorable to the trial court's judgment to determine if there was substantial evidence of probative value to support the court's ruling. *Id.*

[8] On appeal, Lopilato asserts that the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence because he "freely admitted" to the allegations contained in the petition for revocation, he had "substantially complied" with his previous sentence, and he had completed both a therapeutic community program while incarcerated and "an additional substance abuse evaluation" while the petition to revoke his probation was pending. Appellant's Br. at 10, 11. However, Lopilato's contentions on appeal amount to a request that we reweigh the evidence, which we cannot do.

[9] The trial court's judgment is supported by substantial evidence and was within the court's sound discretion. Following Lopilato's completion of the therapeutic community program, the trial court reduced the executed portion of his sentence from seven years to five years and released him to probation. However, while on probation, Lopilato engaged in additional criminal activity, which resulted in convictions for several drug-related offenses. Further, while Lopilato has participated in programs to overcome his substance abuse issues,

he continues to deal drugs. Accordingly, the court's order that he serve the balance of his previously suspended sentence is supported by the record and is well within the trial court's discretion. We therefore affirm the court's judgment.

[10]     Affirmed.

Kirsch, J., and Brown, J., concur.