# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 29 2020, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Megan A. Heyne a/k/a Megan A. Wygant,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 29, 2020<br><br>Court of Appeals Case No.<br>20A-CR-389<br><br>Appeal from the Wells Superior Court<br><br>The Honorable Andrew K. Antrim, Judge<br><br>Trial Court Cause Nos.<br>90D01-1904-F6-63<br>90D01-1908-F6-132 |

**Darden, Senior Judge.**

# Statement of the Case

[1] Megan A. Heyne appeals the four-year sentence the trial court imposed after she pleaded guilty to possession of methamphetamine, a Level 6 felony;[1] unlawful possession of a syringe, a Level 6 felony;[2] and failure to appear in connection with a felony charge, a Level 6 felony.[3] We affirm.

# Issue

[2] Heyne raises only one issue, which we restate as: whether her sentence is inappropriate in light of the nature of the offenses and her character.

# Facts and Procedural History.

[3] In the early morning hours of April 22, 2019, Officer Amanda J. Heckel of the Bluffton Police Department stopped a truck in which Heyne[4] was a passenger. During the traffic stop, Officer Heckel smelled the odor of burnt marijuana emanating from the truck and ordered Heyne, the driver, and the other passenger to step outside. Heyne admitted to the officer that she had smoked marijuana earlier that evening.

---

[1] Ind. Code § 35-48-4-6.1 (2014).

[2] Ind. Code § 16-42-19-18 (2015).

[3] Ind. Code § 35-44.1-2-9 (2014).

[4] Heyne married Blainlee Wygant on May 17, 2019, and adopted the name Megan A. Wygant for a time. The record reflects that by the time of the sentencing hearing, she planned to divorce Wygant and had resumed using Heyne as her surname.

[4]     Officer Heckel searched Heyne's purse and discovered two syringes and an off-white rocklike substance that appeared to be methamphetamine. When confronted with the items, Heyne claimed that the substance was table salt. Officer Heckel also found another quantity of methamphetamine in a container in the truck. The driver of the truck admitted that the methamphetamine found in the container belonged to him.

[5]     On April 22, 2019, the State opened Case Number 90D01-1904-F6-63 ("F6-63"), charging Heyne with possession of methamphetamine and unlawful possession of a syringe, both Level 6 felonies. That same day, the trial court held an initial hearing. During the hearing, Heyne asked to be released on her own recognizance. After hearing arguments from the parties, the trial court denied Heyne's request and set bond in the amount of $10,000. In early May 2019, Heyne posted bond and was released from the jail.

[6]     Heyne appeared at a May 13, 2019 pretrial hearing, at which time the trial court discussed possible trial dates and asked her whether she needed or wanted counsel. Heyne stated that she would attempt to hire counsel. During the hearing, the trial court scheduled another hearing for June 17, 2019, and ordered Heyne to appear. She acknowledged to the trial court that she understood that she needed to appear on that date.

[7]     Heyne appeared at the June 17, 2019 hearing, and she asked for court-appointed counsel. The trial court determined that she was indigent and appointed counsel to represent her. At the end of the hearing, the trial court

scheduled another pretrial hearing for August 9, 2019. The trial court asked Heyne if she had any questions, and she indicated she did not.

[8] At the August 9, 2019 pretrial hearing, Heyne's counsel was present, but Heyne failed to appear. The prosecutor moved the trial court to issue an arrest warrant for her failure to appear. The trial court granted the prosecutor's motion, and directed that Heyne be taken into custody and held without bond, pending further order of the court.

[9] Heyne was later arrested in Allen County. At the time of her arrest, Heyne was with a man whom she knew had a long criminal history, and was in a vehicle that was revealed to have been stolen. Heyne later admitted that she chose not to appear at the August 9, 2019 hearing, because she had relapsed into using controlled substances again.

[10] On August 16, 2019, the State opened a second case, in Case Number 90D01-1908-F6-132 ("F6-132"). The State charged Heyne with failure to appear in connection with a felony charge, a Level 6 felony.

[11] Heyne subsequently pleaded guilty as charged to all three charges, without a plea agreement. On December 27, 2019, the trial court held a hearing on her guilty plea, advised her of her rights, and took the matter under advisement. The trial court also advised Heyne of the possible penalties she was facing, including the possibility that she could be ordered to serve consecutive sentences; and, set the matter for sentencing.

[12]     On January 28, 2020, the trial court presided over the sentencing hearing. In F6-63, the trial court imposed sentences of 730 days on each count, to be served concurrently, for a total sentence of two years. In F6-132, the trial court imposed a sentence of 730 days. Next, the trial court ordered Heyne to serve her sentences consecutively to one another, for an aggregate sentence of four years. In addition, the trial court specified that Heyne would serve her four-year aggregated sentence consecutively to any sentence she might receive in a case from Allen County.

[13]     The trial court further recommended that Heyne participate in a purposeful incarceration program while in the Department of Correction. At that point, the trial court informed Heyne that upon her successful completion of the purposeful incarceration program, that her sentence would be modified and she would be released from further incarceration. This appeal followed.

# Discussion and Decision

[14]     Heyne argues that her sentence is inappropriate and asks the Court to reduce it to an unspecified amount. Article 7, section 6 of the Indiana Constitution authorizes the Court to review and revise sentences in criminal cases. This authority is implemented through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender.

[15] The principle role of the Court's review under Appellate Rule 7(B) is to "attempt to leaven the outliers." *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018). Sentencing is principally a discretionary function, and even when we review a sentence under Appellate Rule 7(B), deference to the trial court "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[16] "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden of demonstrating that the sentence is inappropriate. *Robinson*, 91 N.E.3d at 577.

[17] The advisory sentence is the starting point the General Assembly has selected as appropriate for the crime committed. *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). When Heyne committed her offenses, the advisory sentence for a Level 6 felony was one year, with a minimum sentence of six months and a maximum sentence of two and one-half years. Ind. Code § 35-50-2-7 (2016). The trial court sentenced her to two years on each conviction, with the two sentences in F6-63 to be served concurrently, but consecutively to the sentence in F6-132, for an aggregate sentence of four years. As a result, her sentence for

each conviction is above the advisory, but still well short of the maximum possible sentence of seven and one-half years that she could have received.

[18] Turning to the nature of the offense, Heyne claims that nothing about her offenses is particularly egregious, noting that the amount of methamphetamine she was found with is indicative of personal use only. We disagree. The amount of methamphetamine at issue was accounted for in the statute under which she was charged. If Heyne had possessed a larger amount, she likely would have been charged with a more serious offense.

[19] In addition, we review the totality of the facts, evidence and the circumstances surrounding Heyne's arrest for possession of methamphetamine and unlawful possession of a syringe. She admitted to Officer Heckel that she had recently smoked marijuana, and she was accompanied by another person who also possessed methamphetamine. Further, she initially lied to the officer, claiming that the methamphetamine found in her purse was table salt.

[20] As for the offense of failure to appear, the trial court clearly informed Heyne, on the record, of the date and time of her next court hearing. Rather than come to court, she relapsed into using illegal drugs again and chose not to appear. Later, when arrested in Allen County, she was in a stolen vehicle with someone whom she knew had a lengthy criminal record.

[21] Turning to the character of the offender, Heyne was twenty-six years old at the time of sentencing. Despite her relatively young age, she has a lengthy criminal record. As a juvenile, she was adjudicated a delinquent for habitual

disobedience, running away from home, and an act that, if committed by an adult, would have constituted visiting a common nuisance, a Class B misdemeanor.

[22] As an adult, Heyne has accumulated felony convictions for perjury, domestic battery committed in the presence of a child; and, misdemeanor convictions for battery, conversion, visiting a common nuisance, and invasion of privacy. In addition, while the current cases were pending in the instant trial court, and after being released on bond, Heyne committed two additional misdemeanors offenses in Allen County; specifically, false informing and possession of paraphernalia. Further, Heyne has been placed on probation multiple times, and has violated the terms and conditions of her probation in all but one case. The record demonstrates that she refuses to alter her behavior to comply with the law.

[23] Heyne argues that she has been diagnosed with several mental illnesses, including addictions to controlled substances, and that she experiences seizures as a result of head trauma she received in 2015. She further asserts that her drug addiction issues were the primary factor behind all three of the offenses at issue here, and that she is ready to get treatment. The record reflects that she has been ordered to counseling in the past, but she either failed or has not benefitted from it. In any event, the trial court has given Heyne a chance to prove her willingness to change her behavior and have an opportunity engage in early counseling/treatment if she successfully completes a purposeful

incarceration program at the DOC, in that the court is willing to modify/release her from further incarceration

[24] Finally, Heyne notes that she has three children and has a history of employment. However, the record reveals that her children have been adopted by her parents, and she has no legal obligation or authority over them. The record further shows that she has repeatedly chosen to engage in criminal activity rather than build a steady employment history. She has failed to carry her burden of demonstrating that her sentence is an outlier in need of revision.

# Conclusion

[25] For the reasons stated above, we affirm the judgment of the trial court.

[26] Affirmed.

Mathias, J., and Altice, J., concur.