FILED

Jan 24 2025, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Court of Appeals of Indiana

Madison N. Thomas,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

---

January 24, 2025

Court of Appeals Case No.
24A-CR-1243

Appeal from the
Allen Superior Court

The Honorable
Frances C. Gull, Judge

Trial Court Cause Nos.
02D05-2308-F6-1106
02D05-2309-F6-1166

**Opinion by Senior Judge Shepard**
Judges Pyle and Foley concur.

**Shepard, Senior Judge.**

[1] Madison Thomas pleaded guilty to three counts of Level 6 felony drug possession, divided between two cases. After an unsuccessful stint in a drug court program, during which Thomas committed a new felony drug possession offense, the trial court sentenced her to one-and-a-half years. She appeals, asking the Court to revise her sentence so that she serves some of that time on probation. The State has not requested that her sentence be increased.

[2] Concluding that sentence revision is not warranted, we affirm.

## Facts and Procedural History

[3] In August 2023, the State charged Thomas with one count of Level 6 felony possession of cocaine or a narcotic drug under Cause Number 02D05-2308-F6-1106 ("F6-1106"). In September 2023, the State charged Thomas with two counts of Level 6 felony possession of cocaine or a narcotic drug under Cause Number 02D05-2309-F6-1166 ("F6-1166"). In both cases, police officers had found Thomas passed out in a vehicle and discovered controlled substances on her person. In F6-1166, the officers discovered Thomas had cocaine and fentanyl.

[4] The trial court released Thomas from jail on bond. In October 2023, the State petitioned to revoke Thomas' bond in both cases, alleging she had violated the terms of her pretrial release. The court revoked her bond, and she was arrested.

[5] In February 2024, Thomas pleaded guilty as charged in both cases and was placed in a drug court diversion program. Among other conditions, she agreed to refrain from possessing controlled substances. She also acknowledged that if she were removed from the program, the trial court could conduct a sentencing hearing on the three offenses.

[6] Shortly after Thomas entered the program, the drug court determined Thomas had violated the terms of her placement and sentenced her to a short period of incarceration as a sanction. In April 2024, the State moved to terminate Thomas' placement in the program, alleging she had been unsuccessfully discharged from a residential treatment facility after leaving without permission. Thomas admitted the State's allegations were true, and the drug court removed her from the program. Officers took Thomas to jail, where they discovered she was carrying fentanyl. The State filed another case against Thomas for the new possession offense, also a Level 6 felony, under Cause Number 02D04-2403-F6-343 ("F6-343").

[7] The trial court held a guilty plea and sentencing hearing for F6-343 and a sentencing hearing for F6-1106 and F6-1166 on the same day. In F6-1106 and F6-1166, the trial court imposed a total sentence of one and one-half years, to

be served consecutively with the sentence in F6-343.[1]  Thomas' appeals from the judgments in F6-1106 and F6-1166 were consolidated in this case.

## Discussion and Decision

[8] Thomas asks the Court to revise her sentence to serve a portion on probation. Article 7, section 6 of the Indiana Constitution authorizes the Court to review sentences.  Indiana Appellate Rule 7(B) implements this authority, stating the Court may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[9] Sentencing review under Appellate Rule 7(B) is deferential to the trial court's decision, and "we avoid merely substituting our judgment" for that of the trial court.  *Nicholson v. State*, 221 N.E.3d 680, 684 (Ind. Ct. App. 2023), *trans. denied.* Instead, the main purpose of review under Appellate Rule 7(B) is to "leaven the outliers."  *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018).  "[W]e may look to any factors appearing in the record" in our review.  *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013).  Thomas bears the burden of persuading us that her sentence is inappropriate.  *Zamilpa v. State*, 229 N.E.3d 1079, 1089 (Ind. Ct. App. 2024).

---

[1] F6-343 is not part of this appeal, but in that case, Thomas received a sentence of one and one-half years, with one year suspended to probation.

[10] When a defendant requests appellate review and revision of a sentence under Rule 7(B), "the reviewing court is presented with the issue of whether to affirm, reduce, or increase the sentence." *McCullough v. State*, 900 N.E.2d 745, 750 (Ind. 2009).

[11] Thus, a defendant raising a Rule 7(B) claim "faces the prospect of a more severe sentence on appeal than what the trial court imposed." *Wadle v. State*, 151 N.E.3d 227, 253 (Ind. 2020). The State may present reasons supporting an increase in the sentence only if the defendant first presents a Rule 7(B) claim. *McCullough*, 900 N.E.2d at 751. In any event, "we reserve our 7(B) authority for exceptional cases." *Faith v. State*, 131 N.E.3d 158, 160 (Ind. 2019).

[12] When Thomas committed her offenses, the advisory sentence for a Level 6 felony was one year, with a maximum sentence of two and one-half years and a minimum sentence of six months. Ind. Code § 35-50-2-7(b) (2019). The trial court sentenced Thomas to one and one-half years in each case, to be served concurrently. Her sentence is far less than the maximum of seven and one-half years for the three offenses.

[13] "Our analysis of the 'nature of the offense' requires us to look at the nature, extent, heinousness, and brutality of the offense." *Pritcher v. State*, 208 N.E.3d 656, 668 (Ind. Ct. App. 2023). Thomas argues her offenses were nonviolent, but the absence of violence is already factored into the level of the offenses. If she had also committed violent offenses, the State presumably would have charged her accordingly. In any event, it reflects poorly on Thomas that she

committed her offenses within a two-week span and was not deterred by an intervening arrest.

[14] "Our analysis of the character of the offender involves a broad consideration of a defendant's qualities, including the defendant's age, criminal history, background, past rehabilitative efforts, and remorse." *Id.* at 668. Thomas was twenty-eight years old at sentencing. Her formal criminal history is minor, consisting of a 2015 conviction of Class A misdemeanor resisting law enforcement and a 2015 conviction, in a separate case, of Class B misdemeanor leaving the scene of an accident. But she has an extensive uncharged history of using controlled substances, including using cocaine weekly for almost a decade and consuming Percocet and fentanyl regularly for several years.

[15] Thomas has rejected numerous opportunities to reform and has not put to good use the alternatives to incarceration. The trial court revoked her bond when she violated the terms of her pretrial release. Thomas then violated the terms of the drug court program, for which she was sanctioned with jail time, before being removed from the program for a second violation. She then committed a fourth possession offense. These shortcomings indicate Thomas would be unlikely to do well on probation and perhaps would more likely correct her behavior after a period of incarceration.

[16] Thomas argues she is finally willing to address her severe substance addiction and expressed remorse for her misconduct at sentencing. The trial court determined Thomas' guilty plea and expressions of remorse were mitigating

factors. But the court gave little weight to those factors, as well as Thomas'
alleged readiness to seek treatment, stating as follows:

> You know, you came into Drug Court, Ms. Thomas, and I think
> the only reason you came into Drug Court was to get out of jail,
> because you had a track record in both of your Drug Court cases
> of failing to appear to Pre-Trial Services, they ended up filing a
> notice, a warrant was issued for your arrest, your bond was
> revoked in both of your cases, and then your option was Drug
> Court; and I think it was an option that you selected very
> intentionally to just get out of jail and go on about doing the
> things you want to do. I don't think you're genuine [sic] in
> recovery, Ms. Thomas. You've been faking it this entire time
> and everybody else is working harder on your recovery than you
> are.

Tr. Vol. 2, p. 26. We defer to the sentencing court's assessment of a defendant's
sincerity. *See Hollins v. State*, 145 N.E.3d 847, 852 (Ind. Ct. App. 2020)
(evaluation of defendant's credibility is "better left to the trial court judge, who
views and hears the defendant's apology and demeanor first-hand"), *trans.
denied*. Thomas has failed to demonstrate this is one of the exceptional cases in
which we should exercise our power to revise sentences.

## Conclusion

[17] For the reasons stated above, we affirm the judgment of the trial court.

[18] Affirmed.

Pyle, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General

Maya L. Stirm
Certified Legal Intern
Indianapolis, Indiana