


**FILED**

Jan 11 2019, 2:52 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Indiana Supreme Court

Supreme Court Case No. 19S-CR-17

## Brittany Erin Hoak,

*Appellant (Defendant below),*

—v—

## State of Indiana,

*Appellee (Plaintiff below).*

---

Decided: January 11, 2019

Appeal from the Clark Circuit Court,
Nos. 10C02-1403-FA-26, 10C02-1711-F5-300
The Honorable Bradley B. Jacobs, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-CR-1094

---

**Per Curiam Opinion**

Chief Justice Rush, and Justices David and Goff concur.

Justices Massa and Slaughter dissent.

**Per curiam.**

In August 2014, Brittany Hoak pleaded guilty to Class B felony possession of methamphetamine in case no. 10C02-1403-FA-26 (FA-26). She was sentenced to 10 years imprisonment, four of which were suspended to probation. She began her term of probation in May 2017.

Six months later, Hoak was charged with Level 5 felony possession of methamphetamine, Level 6 felony possession of methamphetamine, and Class C misdemeanor possession of paraphernalia in case no. 10C02-1711-F5-300 (F5-300). The State soon filed a petition to revoke Hoak's probation.

Hoak pleaded guilty to the Level 5 felony in F5-300 and admitted to violating her probation in FA-26. The trial court revoked Hoak's probation and imposed her remaining suspended sentence of 294 days in FA-26; it also sentenced her to three years of incarceration in F5-300.

In a consolidated appeal, the Court of Appeals affirmed. *Hoak v. State*, No. 18A-CR-1094, 2018 WL 4782276 (table) (Ind. Ct. App. Oct. 4, 2018). The Court of Appeals noted that despite Hoak's multiple drug-related contacts with the criminal justice system over many years, "she has yet to receive court-ordered substance abuse treatment." Id. at *1. But ultimately it denied her request for sentence revision under Indiana Appellate Rule 7(B).

Even when a trial court imposes a sentence within its discretion, the Indiana Constitution authorizes independent appellate review and revision of this sentencing decision. *See* Ind. Const. art. 7, §§ 4, 6; Eckelbarger v. State, 51 N.E.3d 169 (Ind. 2016). Indiana appellate courts may revise a sentence if "after due consideration of the trial court's decision" they find "the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

Having reviewed the matter, the Court, by majority vote, grants transfer and remands with instructions to determine whether Hoak is eligible for substance abuse treatment in a Community Corrections placement; and if she is eligible, to order half of her sentence to be executed in Community Corrections. In all other respects, we summarily affirm the Court of Appeals decision. *See* Ind. Appellate Rule 58(A).

Rush, C.J., and David and Goff, JJ., concur.

Massa and Slaughter, JJ., dissent, believing that transfer should be denied.

ATTORNEY FOR APPELLANT
A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana