## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2019, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anita Dustrude,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 26, 2019

Court of Appeals Case No.
19A-CR-127

Appeal from the Ripley Circuit Court

The Honorable Ryan J. King, Judge

Trial Court Cause No.
69C01-1710-F4-18 & 69C01-1807-F5-30

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Anita Dustrude (Dustrude), appeals her sentence following her guilty plea for dealing in methamphetamine, a Level 4 felony, Ind. Code § 35-48-4-1.1(a)(c)(2); dealing in methamphetamine, a Level 5 felony, I.C. § 35-48-4-1.1; maintaining a common nuisance, a Level 6 felony, I.C. § 35-45-1-5(c); and unlawful possession of a syringe, a Level 6 felony, I.C. § 16-42-19-18.

We affirm.

# ISSUE

Dustrude presents us with one issue on appeal: Whether her sentence is inappropriate in light of the nature of her offenses and her character.

# FACTS AND PROCEDURAL HISTORY

On October 10, 2017, a confidential informant for the Indiana State Police (ISP) made a controlled buy of one half of a gram of methamphetamine from Dustrude at her residence on Meridian Street in Sunman, Indiana. Dustrude had been supplying the confidential informant with methamphetamine for the previous six months. Based on that controlled buy, on the same day, the ISP procured and executed a search warrant for Dustrude's home. The search of Dustrude's residence yielded methamphetamine, three hypodermic syringes, a digital scale, a glass pipe, and cell phones. Dustrude claimed ownership of the syringes and paraphernalia. After being asked several times, she denied having any contraband on her person. Dustrude was arrested and transported to jail,

where she again denied possessing any contraband. A strip search conducted by a female officer revealed a white object protruding from Dustrude's vagina. Dustrude attempted to push the object further into her vaginal canal. Upon being informed that a search warrant for her body cavities would be procured and she would be transported to a hospital to have the object removed, Dustrude tendered the two grams of methamphetamine she had secreted.

[5] On October 12, 2017, Dustrude was released on bond. On October 13, 2017, the State filed an Information under Cause Number 69C01-1710-F4-18 (Cause 18), charging Dustrude with possession with intent to deal methamphetamine, dealing in methamphetamine, maintaining a common nuisance, possession of a hypodermic needle, and possession of paraphernalia. After being released on bond, Dustrude admitted to an ISP trooper that she continued to deal methamphetamine but intended to stop. Dustrude also expressed interest in cooperating with law enforcement as a confidential informant. Law enforcement resources were expended to develop Dustrude as an informant, but ultimately she did not perform any of the expected work.

[6] The authorities continued to receive complaints regarding drug activity at Dustrude's residence. On July 23, 2018, ISP performed a trash pull at Dustrude's residence as part of their ongoing criminal investigation. The trash pull yielded mail bearing Dustrude's name as well as a baggie that tested positive for methamphetamine. ISP procured a second search warrant for Dustrude's home which was executed on July 23, 2018. The second search of Dustrude's home produced more than one gram of methamphetamine, which

was found in Dustrude's purse, digital scales, a glass pipe containing suspected methamphetamine residue, a round orange pill identified as Schedule II controlled substance amphetamine, and six alprazolam pills, a Schedule IV controlled substance. Dustrude was interviewed and admitted that she used and sold methamphetamine. Dustrude also identified three people to whom she had sold methamphetamine in Sunman during the previous week.

[7] Three other individuals, Austin Eckstein, Atlanta Young, and Dustrude's son, Dominic, were present at the time of the execution of the search warrant and were also arrested on drug-related charges. They were subsequently interviewed and admitted to having used methamphetamine in Dustrude's residence. Eckstein admitted that Dustrude had provided him with methamphetamine repeatedly. In his interview, Dominic admitted that he would ask Young for methamphetamine and Young would procure the drugs from Dustrude for Dominic. Both Eckstein and Dominic had driven Dustrude to Ohio to procure more methamphetamine, a trip she made nearly daily.

[8] On July 24, 2018, the State filed an Information under Cause Number 69C01-1807-F5-30 (Cause 30), charging Dustrude with dealing in methamphetamine, possession of methamphetamine, maintaining a common nuisance, possession of a controlled substance, and possession of paraphernalia. On October 4, 2018, pursuant to a plea agreement with the State, Dustrude pleaded guilty in

Cause 18 to dealing in methamphetamine as a Level 4 felony,[1] maintaining a common nuisance, and unlawful possession of a syringe charges. Pursuant to the same agreement, Dustrude pleaded guilty in Cause 30 to the dealing in methamphetamine charge. According to the terms of the plea agreement, all of the sentences for the Cause 18 offenses would be served concurrent to each other but consecutively to the Cause 30 offense, and all other charges pending against Dustrude in both Causes were to be dismissed by the State.

[9] The presentence investigation report filed in this matter revealed the following. Dustrude was forty-six years old at the time of sentencing. Dustrude had no record of criminal convictions prior to the instant offenses. She was unemployed at the time of the offenses and had last been employed in 2015. Dustrude reported that she first began consuming methamphetamine, heroin, and alcohol at the age of forty. Dustrude had discontinued her daily heroin habit at the age of forty-three but continued to use methamphetamine. She had never received any treatment for her substance abuse.

[10] On October 4, 2018, the trial court held Dustrude's sentencing hearing. Dustrude testified that before being arrested for the Cause 30 offenses, she was ingesting .4 grams of methamphetamine and drinking a fifth of vodka each day. Dustrude informed the trial court that, as a result of being in custody awaiting resolution of her case, she was sober for the first time in six years. Dustrude

---

[1] The Level 4 felony in Cause 18 was originally charged as possession of methamphetamine with intent to deal.

was attending Narcotics Anonymous meetings in jail. Dustrude stated that she was ashamed of her conduct and expressed remorse for her actions.

[11] The trial court found as aggravating circumstances that Dustrude was free on bond in Cause 18 when she committed the Cause 30 offense, which the trial court found to be significantly aggravating, as it reflected poorly on her character and was an indication of an increased likelihood that she would re-offend. The trial court also found that the ongoing nature of Dustrude's methamphetamine dealing was an aggravator of substantial weight. In support of that aggravating circumstance, the trial court found that Dustrude had sold methamphetamine to a controlled informant; brought two grams of the drug into the jail with intent to sell, despite being asked multiple times whether she was concealing anything on her person; upon being released on bond in Cause 18, Dustrude expressed her desire to cease dealing but then dealt methamphetamine again; and that after her arrest for the Cause 30 offenses, she admitted to having sold methamphetamine to three other individuals that week. The trial court found as a moderately mitigating circumstance that Dustrude had pleaded guilty and accepted responsibility, finding that the cases "would probably be hard to fight." (Transcript p. 58). It also found Dustrude's lack of prior criminal history to be a mitigator but found that factor's significance to be diminished in light of her drug use during the previous six years.

[12] The trial court found that the aggravating circumstances substantially outweighed the mitigators. In Cause 18, the trial court sentenced Dustrude to nine years for the dealing in methamphetamine conviction and to two-year

terms for each of the other Level 6 felony convictions in that cause, to be served concurrently to the dealing sentence. The trial court suspended one year from the sentence imposed in Cause 18. In Cause 30, the trial court sentenced Dustrude to five years, with two years suspended, and it ordered her to serve that sentence consecutively to the sentence imposed in Cause 18, for an aggregate sentence of fourteen years, with three years suspended to probation.

[13] Dustrude now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[14] Dustrude contends that her sentence is inappropriate in light of the nature of her offenses and her character. "Even when a trial court imposes a sentence within its discretion, the Indiana Constitution authorizes independent appellate review and revision of this sentencing decision." *Hoak v. State*, 113 N.E.3d 1209, 1209 (Ind. 2019). Thus, we may revise a sentence if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id*. The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant bears the burden to persuade the reviewing court that the sentence imposed is inappropriate. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018).

[15] When assessing the nature of an offense, the advisory sentence is the starting point that the legislature selected as an appropriate sentence for the particular crime committed. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017).

Dustrude pleaded guilty to dealing methamphetamine, a Level 4 felony, and to dealing methamphetamine, a Level 5 felony. She also pleaded guilty to two Level 6 felonies for maintaining a common nuisance and unlawful possession of a syringe. The sentencing range for a Level 4 felony is between two and twelve years, with the advisory sentence being six years. I.C. § 35-50-2-5.5. The sentencing range for a Level 5 felony is between one and six years, with the advisory sentence being three years. I.C. § 35-50-2-6(b). Lastly, the sentencing range for a Level 6 felony is between six months and two and one-half years, with the advisory sentence being one year. I.C. § 35-50-2-7 (2016). The trial court sentenced Dustrude to nine years for the Level 4 felony, five years for the Level 5 felony, and two years for each of the Level 6 felonies. Thus, the trial court imposed moderately-enhanced sentences for each of the offenses, ordered the two Level 6 felony sentences to be served concurrently, and suspended a total of three years from the aggregate sentence of fourteen years.

[16] When reviewing the nature of the offense, we look to the "the details and circumstances of the commission of the offense and the defendant's participation." *Perry*, 78 N.E.3d at 13. Dustrude sold methamphetamine to citizens of Ripley County on an ongoing basis before and after the commission of the October 10, 2017, offenses. After being charged in Cause 18, she admittedly continued to deal methamphetamine until she was charged with the Cause 30 offenses. Thus, as she acknowledges on appeal, there is ample evidence in the record that she possessed with intent to deal or dealt methamphetamine on more than the two occasions for which she was

convicted. Dustrude's first interaction with law enforcement occurred when an ISP trooper spoke with her at her home about the drug activity that was occurring there. That interaction did not result in any charges for her, and it should have constituted a warning to Dustrude that she should cease her involvement with methamphetamine. A similar opportunity was afforded to her after she was charged with the Cause 18 offenses and discussed with an ISP trooper the fact that she was still dealing drugs. Dustrude even expressed her desire to cease dealing, but, again, she did not, which led to her being charged with the Cause 30 offenses when she was still on conditional release from the Cause 18 offenses. We find the fact that Dustrude brought two grams of methamphetamine into jail and fostered the drug use of her own son to be particularly condemnable.

[17] Dustrude argues that the offenses did not merit the sentences imposed because she was merely an addict who dealt to support her habit, hers was a small operation, and she was not earning significant revenue. However, an addict who escalates to dealing is still inflicting the harm of drug dealing on society and is assisting others in pursuing their own addiction. In addition, although Dustrude attempts to minimize the scale of her drug dealing, it was an operation that involved at least three other people, one of whom was her son. Accordingly, we find nothing inappropriate regarding the moderately enhanced sentences imposed by the trial court or the trial court's imposition of consecutive sentences.

[18] In addition, upon reviewing a sentence for inappropriateness, we look to a defendant's life and conduct as illustrative of her character. *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App. 2018), *trans. denied*. Dustrude argues that her lack of criminal record and her guilty plea merit a reduced sentence. We acknowledge, as did the trial court, that Dustrude led a law-abiding life until the age of forty, but we also find the significance of her lack of criminal record to be diminished by the fact that she was using heroin and methamphetamine for six years prior to her arrest for the Cause 18 offenses, and so was not leading a law-abiding life despite never being convicted of a crime. *See Conley v. State*, 972 N.E.2d 864, 874 (Ind. 2012) (holding that the defendant's lack of formal criminal history was not a substantial mitigating circumstance in light of his marijuana use). In addition, while it is true that Dustrude pleaded guilty and accepted responsibility, given the weight of the evidence in the State's possession, the dismissal of the other charges, and the favorable concurrent sentencing provision of her plea agreement, we find that this was a pragmatic decision on her part which is not entitled to further consideration for sentencing than that already accorded to it by the trial court. *See Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999) (finding that a guilty plea is not substantially mitigating if a defendant has received a considerable benefit for his plea); *see also Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) (holding that decision to plead is not entitled to substantial mitigating weight if the evidence against the defendant is such that his decision to plead guilty is a pragmatic one), *trans. denied*.

[19]     Dustrude also directs our attention to the fact that she has "never received drug treatment, whether it be inpatient or out-patient, court ordered or not." (Appellant's Br. p. 15). Dustrude argues that she was eligible for home detention, which would have afforded her the opportunity to receive treatment for her drug addiction. In support of her argument, Dustrude relies on *Hoak v. State*, 113 N.E.3d 1209 (Ind. 2019), in which our supreme court, conducting a review pursuant to Indiana Appellate Rule 7(B), remanded Hoak's three-year sentence for Level 5 felony methamphetamine possession and her four-year sanction for violating her probation for Class B felony methamphetamine possession. *Id*. at 1209. In doing so, the court found it particularly significant that, despite her many contacts with the criminal justice system due to her drug addiction, she had never received any court-ordered substance abuse treatment. *Id*. On remand, the court ordered the trial court to determine if Hoak was eligible for community corrections, and if so, to allow her to serve half of her sentence there so that she could receive substance abuse treatment. *Id*.

[20]     We find *Hoak* to be distinguishable, as Dustrude pleaded guilty to two Counts of dealing methamphetamine, as opposed to the simple possession offenses involved in *Hoak*. In addition, unlike *Hoak*, here, the trial court has already suspended three years from Dustrude's sentence and ordered her to receive substance abuse treatment as part of her probation. We also note that at sentencing, Dustrude reported experiencing success in her sobriety as a result of her attendance at Narcotics Anonymous, a commendable practice. However, the deference that we accord the trial court's sentencing decision will prevail

unless it is overcome with compelling evidence of "substantial virtuous traits and persistent examples of good character." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Having been presented with neither, we find that nothing about Dustrude's character renders the sentence imposed by the trial court inappropriate.

## CONCLUSION

Based on the forgoing, we conclude that Dustrude's fourteen-year sentence, with three years suspended to probation, is not inappropriate in light of the nature of her offenses or her character.

Affirmed.

Bailey, J. and Pyle, J. concur