## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 14 2020, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danielle A. Leavell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 14, 2020 <br><br> Court of Appeals Case No. 19A-CR-2097 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1808-F5-157 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Danielle Leavell (Leavell), appeals the sentence imposed by the trial court following her guilty plea to neglect of a dependent, a Level 6 felony, Ind. Code § 35-46-1-4(a)(1); cruelty to an animal, a Class A misdemeanor, I.C. § 35-46-3-7(a); conspiracy to commit child exploitation, a Level 5 felony, I.C. §§ 35-42-4-4(b); -41-5-2; and two Counts of possession of child pornography, Level 5 felonies, I.C. § 35-42-4-4(e)(1).

We affirm.

## ISSUE

Leavell presents this court with one issue, which we restate as: Whether her sentence is inappropriate given the nature of her offenses and her character.

## FACTS AND PROCEDURAL HISTORY

Leavell married Anthony Leavell (Anthony) in 2001, and they have a daughter, E.L., who was eleven years old in March 2018. Leavell was a licensed practical nurse who provided in-home care for patients. During her career as a nurse, Leavell provided in-home care for E.W. for seven years, starting when E.W. was four years old. E.W. was born with congenital cytomegalovirus, a condition that renders her non-mobile and non-verbal. When E.W. was ten years old and in Leavell's care, after discussing the matter with Anthony, Leavell took a photograph of E.W.'s exposed genitals, sent the image electronically to Anthony, possessed the image on her cell phone, and saved the image to her email.

[5] Leavell also provided in-home care for L.B., a female child who was born with physical and mental disabilities that caused her developmental delays, seizures, and reduced physical size. L.B. is incapable of moving, talking, or any manner of self-care. When L.B. was eight years old and in Leavell's care, after discussing the matter with Anthony, Leavell photographed L.B.'s exposed genitals, sent the image electronically to Anthony, possessed the image on her cell phone, and saved the image to her email.

[6] On March 26, 2018, officers of the Lafayette Police Department went to the Leavell home on South 21st Street to investigate a report that there were dead animals inside. Leavell and Anthony had over eighty rabbits in the home, the floors of which were covered in rabbit feces and bedding. The rabbits were in poor physical condition, and three had to be euthanized. Child Protective Services workers inspecting the home found a camera hidden in the shower of the home's only bathroom. The camera was a live feed that connected to a television and recording device in the attic. Also discovered in the attic was a recording of E.L. using the restroom. When confronted about the camera, Leavell told investigators that she had been aware of the camera for a year but that Anthony had told her that he only used it to watch Leavell as a means of sexual release.

[7] A search of Anthony's cell phone and computer revealed child pornography depicting children aging from toddlers to teenagers, and Anthony was

subsequently arrested.[1]  Anthony called Leavell from jail and reminded her about the images of E.W. and L.B. that she had sent him.  After this call, Leavell attempted to delete the images and other incriminating text messages between her and Anthony.  While in police custody, Anthony reported that Leavell had sent him the images of E.W. and L.B., but investigators were still able to retrieve the images.  As part of the investigation, the parents of E.W. and L.B. viewed the images and identified their daughters.  When investigators confronted Leavell with Anthony's report, Leavell admitted that she had made and sent the images and admitted deleting the images of E.W. and L.B. from her email.  She also admitted deleting an image of E.L.'s genitals.

[8]  On April 4, 2018, the State filed an Information, charging Leavell with Level 6 felony neglect of a dependent and Class A misdemeanor cruelty to an animal.  On August 13, 2018, the State filed a second Information, adding charges of Class C felony conspiracy to commit child exploitation, Level 5 felony conspiracy to commit child exploitation, Class C felony child exploitation, Level 5 felony child exploitation, and two Counts of Level 5 felony possession of child pornography.  On June 28, 2019, Leavell pleaded guilty to neglect of a dependent, cruelty to an animal, Level 5 felony conspiracy to commit child exploitation, and the two charges of Level 5 felony possession of child pornography.  Leavell pleaded guilty pursuant to an agreement with the State

---

[1] This court affirmed Anthony's twelve-year sentence following his guilty plea to Class A misdemeanor cruelty to an animal, Level 5 felony conspiracy to commit child exploitation, and Level 5 felony possession of child pornography.  *See Leavell v. State*, No. 19A-CR-397 (Ind. Ct. App. August 2, 2019).

which provided that the sentences imposed for the conspiracy to commit child exploitation and the two child pornography possession convictions would be served concurrently. In addition, the two Class C felony charges and the Level 5 felony child exploitation charge pending against Leavell were to be dismissed.

[9] The pre-sentence investigation report (PSI) filed in this matter had appended to it the results of a psychological evaluation done on Leavell as part of the Child in Need of Services (CHINS) case that was opened for E.L. Leavell was diagnosed with Post-traumatic Stress Disorder, Persistent Depressive Disorder, Generalized Anxiety Disorder, and Dependent Personality Disorder. According to the evaluator, people with Leavell's psychological profile "are passive, submissive, and unassertive in their personal relationships[]" and "are highly suspicious and likely to harbor self-referential beliefs that they are being targeted or victimized by others." (Appellant's App. Vol. II, pp. 194-95). Leavell reported to the PSI investigator that she had divorced Anthony. She also reported that during the pendency of this case, she had given birth to the child of, and was living with, a man who was a registered sex offender due to his conviction for sexual misconduct with a minor and child solicitation.

[10] On August 23, 2019, the State filed a sentencing memorandum with the trial court. Leavell had no objection to the trial court's consideration of this memorandum for sentencing. Several text message exchanges between Leavell and Anthony were attached as exhibits to the memorandum. The following exchange took place between Leavell and Anthony on June 24, 2015:

Anthony:  Does it taste good

Leavell:  I didn't do that today.  She is actually screaming at the moment

Anthony:  Did you rub it?

Leavell:  Real quick

Anthony:  No pic of that?

Leavell:  Not easy taking pic from my shirt.  Have to hide camera

(Appellant's App. Vol. II, pp. 103-08).  In another exchange dated June 23, 2015, Anthony advised Leavell that she should "take some good pics of E*** (if you know what I mean) as you won't see her alone again after you start new job[]" and asked Leavell, "Have you rubbed?"  (Appellant's App. Vol. II, p. 110-11).  Leavell responded that she had not had time, noted that another child was also present, and sent Anthony a photo of the child seated in a manner that revealed the child's inner thigh.  Anthony responded, "You need a better crotch shot," to which Leavell replied, "Well that's what I could get[.]"  (Appellant's App. Vol. II, pp. 110-18).  In an exchange dated June 21, 2015, Leavell and Anthony discussed suggesting to their daughter that she sleep in their bed and giving their daughter melatonin in a milkshake to keep her asleep.  Leavell chose to do this the next night.  Anthony told Leavell, "Then you lick," with Leavell responding, "ok[.]"  (Appellant's App. Vol. II, pp. 139, 141).  Later that day, Leavell reported to Anthony that she had purchased some ice cream.

[11]  On August 26, 2019, the trial court held Leavell's sentencing hearing.  By that time, Leavell's choice to live with a registered sex offender had resulted in the

CHINS court placing E.L. with her paternal grandparents. During her allocution, Leavell stated, "What I did to appease my then husband was something I could never see myself doing, especially to someone I thought of as family. . . The woman who took those pictures was a weak person who let a man control her." (Tr. Vol. II, p. 48). E.W.'s mother related in her victim's impact statement that because of Leavell's betrayal, she was no longer able to trust any care providers, placing a strain on her ability to earn a living and have relief from caregiving that she herself needed. L.B.'s father read a statement detailing the pain Leavell had caused their family, especially L.B.'s brothers, who trusted Leavell as a friend.

[12] The trial court found as aggravating factors that Leavell's crimes were committed against severely mentally and physically disabled children; Leavell was in a position of trust over her victims; the impact the offenses had on the families of her victims; and Leavell attempted to evade detection by deleting incriminating material from her email. The trial court found as mitigating circumstances that Leavell had pleaded guilty, the significance of which was diminished by the benefits she received as a result of her plea; the fact that she was currently in counseling; her lack of a criminal record; her history of mental health issues, the significance of which was reduced by her failure to procure treatment; her employment history, and her showing of remorse. The trial court found that the aggravating circumstances outweighed the mitigating ones and sentenced Leavell to one year each for the neglect of a dependent and cruelty to an animal convictions, to be served consecutively. The trial court

sentenced Leavell to five years each for her conspiracy to commit child exploitation and two Counts of possession of child pornography convictions, to be served concurrently to each other but consecutively to the other sentences imposed. The trial court ordered Leavell to execute six years of her aggregate seven-year sentence, with one year suspended to probation.

[13] Leavell now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[14] Leavell argues that the sentences for her Level 5 felony conspiracy to commit child exploitation and two Level 5 felony possession of child pornography convictions are inappropriate given the nature of those offenses and her character. "Even when a trial court imposes a sentence within its discretion, the Indiana Constitution authorizes independent appellate review and revision of this sentencing decision." *Hoak v. State*, 113 N.E.3d 1209, 1209 (Ind. 2019). Thus, we may revise a sentence if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id.* The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant bears the burden to persuade the reviewing court that the sentence imposed is inappropriate. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018).

[15] When assessing the nature of an offense, the advisory sentence is the starting point that the legislature selected as an appropriate sentence for the particular

crime committed. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Leavell pleaded guilty to three Level 5 felonies pursuant to an agreement that provided that the sentences for those offenses would be served concurrently. The sentencing range for a Level 5 felony is between one and six years, with the advisory sentence being three years. I.C. § 35-50-2-6(b). The trial court sentenced Leavell to five years for each of the Level 5 felonies, to be served concurrently. Thus, the trial court imposed the near-maximum sentence for the Level 5 felonies that could be imposed pursuant to the terms of Leavell's plea agreement.

[16] When reviewing the nature of an offense, we look to the "the details and circumstances of the commission of the offense and the defendant's participation." *Perry*, 78 N.E.3d at 13. The victims of Leavell's offenses were among the most vulnerable members of society. E.W. and L.B. suffered from severe physical and mental disabilities that rendered them unable to evade her or report what she did. Leavell coordinated with Anthony to exploit this vulnerability and her position of trust with E.W. and L.B. as their care giver to take, send, and save images of her victims' exposed genitalia, all for her and Anthony's sexual gratification. We conclude that the extreme vulnerability of the victims and depravity of these offenses do not render a near-maximum, five-year sentence for the Level 5 felonies inappropriate.

[17] In addition, upon reviewing a sentence for inappropriateness, we look to a defendant's life and conduct as illustrative of her character. *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App. 2018), *trans. denied*. Leavell argues that her

remorse and her mental health should result in a lesser sentence. We acknowledge that Leavell expressed remorse and has been diagnosed with mental health issues. However, Leavell has contended throughout this case that Anthony abused and pressured her into committing the offenses. On appeal, Leavell argues that "her mental impairments played a role in the instant offenses as she was verbally abused by Anthony and threatened with physical abuse" into committing the offenses. (Appellant's Br. p. 12).

[18] At sentencing, the trial court observed, "I don't buy it, honestly[,]" and neither do we. (Tr. Vol. II, p. 63). Leavell's psychological evaluation revealed that she could be passive in her relationships, but it also revealed that she could feel as though she was being targeted or victimized by others, and so it is not at all clear to us that Leavell's mental health issues rendered her sentence inappropriate. In addition, although we do not assume that the potentially criminal conduct discussed in the text messages between Leavell and Anthony that were made part of the sentencing record actually occurred, those messages demonstrate to us that Leavell was capable of independent thought and action and was a willing participant in her conduct with Anthony.

[19] Leavell also contends that her guilty plea rendered her sentence inappropriate. It is well-settled that a guilty plea is not automatically a significant mitigating circumstance for sentencing. *See Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999). Leavell received a significant benefit for her plea with the dismissal of two additional Class C felony Counts and one Level 5 felony and with an

agreement that all her sentences for the remaining Level 5 felonies would be served concurrently, so we decline to reduce her sentence on that basis.

[20] We also reject Leavell's contention that her good employment history should persuade us to decrease her sentence, as her employment was what facilitated the offenses. We acknowledge, as did the trial court, that Leavell has no previous criminal record. However, other factors reflecting poorly on Leavell's character convince us that her character does not merit a lesser sentence, such as Leavell's attempt to thwart investigation of the offenses by deleting the images of E.W. and L.B. from her email. Leavell also chose to live with a convicted sex offender while E.L.'s CHINS case was pending, causing her to lose the possibility of reunification with E.L., which demonstrates to us that Leavell continued to lack insight into her conduct. In short, we decline to revise Leavell's sentence in light of her character.

## CONCLUSION

[21] Based on the foregoing, we conclude that nothing about the nature of Leavell's offenses or her character renders her sentence inappropriate.

[22] Affirmed.

[23] Baker, J. and Brown, J. concur