

ATTORNEY FOR APPELLANT

Paul J. Schlesinger
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano-Colon
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mario Hollins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 8, 2020

Court of Appeals Case No.
19A-CR-2743

Appeal from the Lake Superior
Court

The Honorable Diane Ross
Boswell, Judge

Trial Court Cause No.
45G03-1710-F4-38

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Mario Hollins (Hollins), appeals the sentence imposed by the trial court following his guilty plea to two Counts of burglary, Level 4 felonies, Ind. Code §§ 35-43-2-1, -1(1).

We affirm.

# ISSUES

Hollins presents this court with two issues, which we restate as:

(1) Whether the trial court abused its discretion when it failed to identify certain mitigating circumstances; and

(2) Whether Hollins' sixteen-year aggregate sentence is inappropriate given the nature of his offenses and his character.

# FACTS AND PROCEDURAL HISTORY

On October 26, 2017, Hollins committed two burglaries in Whiting, Indiana. Hollins broke the lock of the back door of the home of Rita Zubeck (Zubeck), entered, and stole a large amount of jewelry and silver, a piece of luggage, and Zubeck's grandson's piggy bank. Zubeck's home was rifled. Hollins was captured on a neighbor's surveillance system exiting Zubeck's home with the piece of luggage.

After burglarizing Zubeck's home, Hollins and an accomplice went next door to the home of Lisa Roberts (Roberts), where they kicked in the back door.

Roberts' sixteen-year-old daughter was home at the time, but she fled out the front door and alerted the police. Officers of the Whiting Police Department encountered Hollins and his accomplice as Hollins attempted to exit the back door of Roberts home. When Hollins saw the officers, he tried to slam the door shut. After he was apprehended, Hollins told a police interviewer that he had waited in a car while two other people burglarized the Zubeck home.

[6] On October 27, 2017, the State filed an Information, charging Hollins with two Counts of Level 4 felony burglary, two Counts of Level 6 felony residential entry, and Class A misdemeanor resisting law enforcement. On September 24, 2019, Hollins pleaded guilty to two Counts of Level 4 felony burglary. Hollins' plea agreement provided for a maximum cap of eight years for each of the Level 4 felonies. The State agreed not to file an habitual offender enhancement against Hollins, and it agreed to dismiss the other three pending charges.

[7] On October 23, 2019, the presentence investigation report (PSI) was filed and revealed the following. Hollins was thirty-two years old at the time of sentencing. In May 2005, Hollins was sentenced in Illinois to three years of imprisonment for Class 2 felony aggravated unlawful use of a weapon. In May 2007, Hollins was sentenced in Illinois to four years of imprisonment for armed habitual criminal, a felony, and for Class 2 felony possession of a weapon. In June 2010, Hollins was sentenced in Illinois to nine years in prison for Class 1 felony residential burglary. In 2015, Hollins was sentenced to sixty-six days in jail in Illinois for a Class A misdemeanor cannabis offense, and in May 2017, Hollins was charged in Illinois with Class 2 felony receiving/possessing/selling

a stolen vehicle and Class 2 felony theft. That case was still pending when the PSI was filed.

[8] Hollins reported to his PSI investigator that he smoked marijuana daily since the age of fifteen and had become addicted to prescription pain medication in 2016. Hollins had completed a drug treatment program in Illinois in 2014. Hollins felt that further drug treatment would assist him with his addiction to prescription pain medication.

[9] On October 25, 2019, the trial court held Hollins' sentencing hearing. In her victim's impact statement, Zubeck related that after Hollins' offense, she no longer felt safe in her home. She had installed a security system but was anxious every time she left her home that someone would be inside when she returned. The prosecutor represented to the trial court that the Roberts family had also lost their sense of security. In his allocution, Hollins offered an apology to the Roberts and Zubeck families and explained that he was intoxicated on marijuana and Xanax when he committed the offenses. Hollins told the trial court that, "I was high at the time. I was going through a lot . . ." (Sent. Transcript p. 17). Hollins claimed that he committed the offenses to purchase drugs and to help his sister "get to dialysis." (Sent. Tr. p. 20).

[10] The trial court did not find any mitigating circumstances. The trial court identified Hollins' criminal record as an aggravating circumstance and imposed eight-year sentences for each of the burglaries. The trial court found that the

fact that there were two separate victims of the offenses merited consecutive sentences, resulting in a sixteen-year aggregate sentence.

[11]  Hollins now appeals.  Additional facts will be added as necessary.

# DISCUSSION AND DECISION

### I. *Identification of the Mitigating Circumstances*

[12]  Hollins argues that the trial court erred when it failed to identify his guilty plea and his remorse as mitigating circumstances.  So long as a sentence imposed by a trial court is within the statutory range for the offense, it is subject to review only for an abuse of discretion.  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  An abuse of the trial court's sentencing discretion occurs if its decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.  *Id.*  A trial court abuses its discretion when it fails to enter a sentencing statement at all, its stated reasons for imposing sentence are not supported by the record, its sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or its reasons for imposing sentence are improper as a matter of law.  *Id.* at 490-91.  A trial court is not obligated to credit a defendant's claim as to what constitutes a mitigating circumstance.  *Rascoe v. State,* 736 N.E.2d 246, 249 (Ind. 2000).  In order to be persuasive, a claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that

the mitigating evidence was both significant and clearly supported by the record. *Anglemyer,* 868 N.E.2d at 493.

### A. *Guilty Plea*

Hollins claims that the trial court abused its discretion when it failed to accord his guilty plea any mitigating weight. More specifically, Hollins argues that the trial court should have recognized his guilty plea as mitigating because he did not receive a substantial benefit from it. Hollins contends his benefit was not substantial because the dismissed residential entry charges were lesser-included offenses and the dismissed resisting law enforcement charge was a mere misdemeanor. Hollins also directs our attention to the fact that he received the maximum sentence allowable under his plea agreement.

A defendant's guilty plea is not automatically a mitigating circumstance. Rather, our supreme court has recognized that the significance of a defendant's guilty plea varies from case to case. *See Anglemyer*, 875 N.E.2d at 221. "[A] guilty plea may not be significantly mitigating when . . . the defendant receives a substantial benefit in return for the plea." *Id.* A guilty plea's significance is also diminished where the decision to plead guilty is likely a pragmatic one because the evidence of a defendant's guilt is overwhelming. *Id.*

We do not find Hollins' arguments to be persuasive. Hollins pleaded guilty to two Counts of Level 4 felony burglary. The sentencing range for a Level 4 felony burglary is between two and twelve years, with an advisory sentence of six years. I.C. § 35-50-2-5.5. Hollins' plea agreement capped his individual

sentences at eight years, allowing him to avoid exposure to an additional eight years of imprisonment. The State also agreed not to file an habitual offender enhancement against Hollins, which could have resulted in up to twenty years of additional imprisonment. I.C. § 35-50-2-8(i)(1). Avoidance of exposure to twenty-eight years of imprisonment is a substantial benefit garnered from a plea agreement.

[16] In addition, Hollins was caught on video exiting the Zubeck home with a piece of Zubeck's property, Hollins admitted to a police interviewer that he was at least an accomplice to the Zubeck burglary, and Roberts' daughter witnessed him breaking into the Roberts home where he was caught by officers. Therefore, the State had substantial evidence of Hollins' guilt, which likely made his decision to plead guilty a pragmatic one. In light of these circumstances, we conclude that the trial court did not abuse its discretion when it declined to identify Hollins' guilty plea as a mitigating circumstance.

### B. *Remorse*

[17] Hollins also contends that the trial court abused its discretion when it failed to identify his remorse as a mitigating circumstance. We accord substantial deference to a trial court's evaluation of a defendant's remorse. *Starkey v. State*, 967 N.E.2d 1074, 1079 (Ind. Ct. App. 2012). That evaluation is something better left to the trial court judge, who views and hears the defendant's apology and demeanor first-hand and who is, thus, better able to assess the defendant's credibility. *Id*.

[18]    The trial court heard Hollins' cursory, one-sentence apology to his victims. The trial court did not find that apology to be credible, did not find Hollins' remorse to be significant enough to be mitigating, or both, all of which was within the trial court's discretion. On appeal, Hollins does not develop any argument regarding why his expression of remorse was significant for sentencing, and has, therefore, not met his burden of persuasion. *See Anglemyer,* 868 N.E.2d at 493. Accordingly, we find no abuse of discretion on the part of the trial court when it did not identify Hollins' remorse as a mitigating circumstance.

## II.   *Inappropriateness of Sentence*

[19]    Hollins also requests that we independently review the appropriateness of his sentence. "Even when a trial court imposes a sentence within its discretion, the Indiana Constitution authorizes independent appellate review and revision of this sentencing decision." *Hoak v. State*, 113 N.E.3d 1209, 1209 (Ind. 2019). Thus, we may revise a sentence if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id.* The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant bears the burden to persuade the reviewing court that the sentence imposed is inappropriate. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018).

## A.   *Nature of the Offenses*

[20]    When assessing the nature of an offense, the advisory sentence is the starting point that the legislature selected as an appropriate sentence for the particular

crime committed. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Hollins pleaded guilty to two counts of Level 4 felony burglary. Those offenses carried a sentencing range of between two and twelve years, with the advisory sentence being six years. I.C. § 35-50-2-5.5. Hollins' plea agreement capped his individual sentences at eight years. The trial court sentenced Hollins to eight years for each burglary conviction, to be served consecutively. Thus, although the trial court only imposed moderately enhanced individual sentences, it sentenced Hollins to the maximum sentence permitted by his plea agreement.

[21] When reviewing the nature of the offense, we look to the "the details and circumstances of the commission of the offense and the defendant's participation." *Perry*, 78 N.E.3d at 13. Here, Hollins went on a burglary spree in Whiting to support his drug habit. Hollins broke into the Roberts home while a sixteen-year-old girl was present, and he caused both families to lose the sense of security they had previously enjoyed in their homes. Hollins argues that the fact that he did not further victimize Roberts' daughter and no property was taken from that home renders his sentence inappropriate, but we observe that the daughter fled and Hollins was apprehended before he could leave with any property. We find that the circumstances surrounding the offenses merited the individual sentences imposed. The fact that Hollins could have stopped after burglarizing the Zubeck home but, instead, went on to the Roberts home meant that more than one victim was involved, which we conclude rendered the consecutive nature of the sentences appropriate. *See Serino v. State*, 798 N.E.2d 852, 857 (Ind. 2003) (holding that "consecutive sentences seem

necessary to vindicate the fact that there were separate harms and separate acts against more than one person."). In short, we conclude Hollins has failed to demonstrate that the aggregate sentence imposed was inappropriate given the nature of the offenses. *See Robinson*, 91 N.E.3d at 577.

### B. *Character of the Offender*

[22] Hollins also contends that his sentence is inappropriate in light of his character. Upon reviewing a sentence for inappropriateness, we look to a defendant's life and conduct as illustrative of her character. *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App. 2018), *trans. denied*. Hollins urges us to reconsider the sentence imposed by the trial court because seven years elapsed between his last felony conviction and the commission of the instant offenses and he was addicted to drugs when he committed the offenses.

[23] Although it is true that Hollins' last felony conviction was in 2010, our review of Hollins' criminal record as a whole revealed little that was positive about Hollins' character. By the time of sentencing, Hollins had amassed four prior felony convictions, one of which was for residential entry, an offense similar in kind to the instant offenses. Hollins served increasingly substantial prison sentences for those convictions, but instead of reforming his conduct, each time he was released from prison he reoffended within a short time. Indeed, Hollins had a felony case for charges of receiving/possessing/selling a stolen vehicle and theft pending when he committed the instant offenses. We conclude that the sixteen-year sentence imposed here was appropriate because Hollins has

demonstrated that when he is left free in society, he continues to commit criminal offenses.

[24] Neither do we find that Hollins' drug addiction rendered his sentence inappropriate. Hollins smoked marijuana daily since the age of fifteen and reported becoming addicted to prescription pain medication in 2016, but apart from completing a drug treatment program in Illinois in 2014, Hollins never sought assistance to address his drug addiction. Although Hollins blamed the offenses on his drug addiction, he also told the trial court that he committed the offenses to help his sister "get to dialysis." (Sent. Tr. p. 20). Hollins could not have reasonably thought that burglarizing homes was a viable means to procure assistance for his sister, and we find that this attempt to play on the sympathy of the trial court was illustrative of the true nature of Hollins' character.

## CONCLUSION

[25] Based on the foregoing, we conclude that the trial court did not abuse its discretion when it failed to identify any mitigating circumstances. We further conclude that Hollins' sentence is not inappropriate in light of the nature of his offenses and his character.

[26] Affirmed.

Mathias, J. and Tavitas, J. concur