## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 26 2020, 12:19 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Fernando Sanchez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 26, 2020

Court of Appeals Case No.
20A-CR-86

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause No.
27D01-1301-FA-2

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Fernando Sanchez (Sanchez), appeals the trial court's sentence following his guilty plea to dealing in cocaine, a Class A felony, Ind. Code § 35-48-4-1(b)(1).

We affirm.

# ISSUE

Sanchez presents one issue on appeal, which we restate as: Whether Sanchez's sentence is inappropriate in light of his character and the nature of the offense.

# FACTS AND PROCEDURAL HISTORY

In December 2006, Sanchez entered into a deferred adjudication in Texas, where he pled guilty to aggravated assault with a deadly weapon and was placed on community supervision for eight years. Pursuant to the terms of the deferred adjudication, Sanchez's charge would be dismissed upon successful completion of the program. At some point during the program, Sanchez moved from Texas to Indiana. On February 4, 2010, a notice to show cause was issued by the Texas court and on March 19, 2010, Sanchez's community supervision was revoked and a bench warrant for his arrest was issued.

In early January 2013, Sanchez sold an ounce of cocaine to a confidential informant. When officers of the Grant County Joint Effort Against Narcotics team arrested Sanchez following the transaction, they located two baggies that

contained a white substance—which later tested positive for cocaine—weighing at least 28 grams. Officers also determined that Sanchez was driving with a false license plate. After he was taken into custody, he refused to give officers any identifying information. Eventually, a search warrant was obtained for Sanchez's apartment, where officers recovered approximately 42.5 grams of cocaine and 429.15 grams of marijuana.

[6] On January 15, 2013, the State filed an Information, charging Sanchez with two Counts of dealing in cocaine, Class A felonies, and one Count of possession of marijuana, a Class D felony. A month later, on February 12, 2013, Sanchez was released on bond and permitted to travel out of state to San Marcos to visit his mother in a hospital. On September 18, 2014, Sanchez entered into a plea agreement with the State, in which he agreed to plead guilty to one Count of dealing in cocaine, a Class A felony. As part of the plea agreement, Sanchez consented to waive his right to appeal the sentence imposed by the trial court. On November 12, 2014, Sanchez filed a motion to withdraw his plea agreement, alleging that he did not enter into the plea knowingly and voluntarily because he "was unaware of a non-suspendable 20-year prison sentence for a prior felony conviction, [and] [h]e had a prior felony conviction in Texas that he thought had been dismissed." (Appellant's App. Vol. II, p. 24). The trial court granted Sanchez's motion and set the matter for trial for February 2, 2015. However, prior to trial, on January 27, 2015, a modified plea agreement was filed in which Sanchez pled guilty to one Count of dealing in cocaine as a Class A felony but which omitted the waiver

provision regarding sentencing. The trial court set the matter for sentencing on April 10, 2015.

[7] On March 13, 2015, a capias warrant from Texas was executed and Sanchez's participation in the deferred adjudication program was revoked, which resulted in Sanchez being ordered to serve a six-year sentence in the Texas cause. As a result of his incarceration in Texas, Sanchez failed to appear for sentencing in the current cause in Indiana and a warrant was issued for his arrest.

[8] Sanchez was released from prison in Texas on April 12, 2019, and the arrest warrant in the instant cause was executed four days later. On May 9, 2019, Sanchez filed another motion to withdraw his guilty plea alleging that he would not have pled guilty if he had been aware that his felony in Texas would not be converted to a misdemeanor, as a felony would increase his executed sentence in the current Indiana cause. The trial court denied his motion, concluding that while the crime was committed in 2005, Sanchez's conviction and sentence did not commence until April 30, 2015, and therefore his conviction did not qualify as a prior unrelated felony.

[9] On September 24, 2019, the trial court conducted a sentencing hearing. At sentencing, Sanchez testified that he possessed and sold the drugs under duress because he had received notice that the Mexican drug cartel was watching his family in Mexico. At the close of the evidence, the trial court identified the following aggravating circumstances: (1) Sanchez violated the terms of his deferred adjudication in Texas; (2) his criminal history; and (3) a sentence less

than the advisory would depreciate the seriousness of the crime. As mitigating circumstances, the trial court found: (1) Sanchez pled guilty without the benefit of a sentencing agreement; (2) he was remorseful; and (3) a long period of incarceration would result in undue hardship to his minor children. Finding that the mitigating factors outweighed the aggravating circumstances, the trial court sentenced Sanchez to twelve years, with two years suspended to probation. The trial court ordered the sentence to run consecutively to the sentence received in Texas. On September 26, 2019, the trial court corrected its imposed sentence due to the sentencing guidelines in place at the time the crime was committed and imposed a twenty-year sentence with ten years suspended to probation.

[10] Sanchez now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[11] Sanchez requests that we independently review the appropriateness of his sentence.[1] "Even when a trial court imposes a sentence within its discretion, the Indiana Constitution authorizes independent appellate review and revision of this sentencing decision." *Hoak v. State*, 113 N.E.3d 1209, 1209 (Ind. 2019).

---

[1] In his appellate brief, Sanchez also addresses the trial court's imposition of consecutive sentences and credit time calculation. However, as Sanchez notes that "the Indiana court could not order the Indiana sentence to be served concurrently with the Texas sentence, nor could the Indiana court give Sanchez credit time towards his Indiana sentence for the time he spent incarcerated in Texas before he was sentenced in Indiana," he appears to concede the argument and therefore we will not review it. (Sanchez Br. p. 15).

Thus, we may alter a sentence if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id*. The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant bears the burden to persuade the reviewing court that the sentence imposed is inappropriate. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018).

[12] At the time Sanchez pled guilty to Class A felony dealing in cocaine, the sentencing range was twenty to fifty years, with an advisory sentence of thirty years. I.C. § 35-50-2-4. The trial court sentenced Sanchez to the minimum sentence allowed pursuant to the statute—twenty years—with ten years suspended to probation.

[13] With respect to the nature of the crime, we do not turn a blind eye to "facts of the incident that brought the defendant before" us or the "nature and circumstances of the crime as well as the manner in which the crime is committed." *Bethea v. State*, 893 N.E.2d 1134, 1145 (Ind. 2013). Here, Sanchez possessed approximately 28.08 grams of cocaine, which is nine times more than what is required under the statute for a Class A felony. Additionally, in his apartment, officers recovered an additional 42.5 grams of cocaine and 429.15 grams of marijuana. During these proceedings, Sanchez's explanation for his dealings was inconsistent. At sentencing, Sanchez testified that he was placed under duress by the Mexican drug cartel who threatened to harm his family. During his PSI investigation, Sanchez stated that he was "trying to hire a

Coyote to transport his sister out of Mexico" but instead of bringing his sister to Indiana, they told Sanchez "he had to do a job for them or they would hold his sister." (Appellant's App. Vol. II, p. 58). Sanchez's statements are nothing more than inconsistent, self-serving statements that are otherwise unsupported by the record and which the trial court was not obligated to believe. *See Fitzgerald v. State*, 26 N.E.3d 105, 110 (Ind. Ct. App. 2015).

[14] Likewise, Sanchez's character does not warrant a downward revision of his sentence. A defendant's willingness to continue committing crimes is relevant for analysis of his character under Appellate Rule 7(B). *Garcia v. State*, 47 N.E. 3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*. Independent of the present conviction, Sanchez has one felony conviction for aggravated assault with a deadly weapon in Texas, and one misdemeanor conviction for operating a motor vehicle without a license in Indiana. Sanchez violated his deferred adjudication in Texas when he moved to Indiana.

[15] Sanchez argues that his good character is shown by his good behavior while out on bond, his trip to Texas to address his pending matter, his gainful employment, and his support for his family and children. However, the record reflects that Sanchez avoided the petition to revoke in Texas for years by moving to Indiana and only returned to Texas when he was arrested and charged with the instant crime. Similarly, Sanchez's employment does not warrant a revision of his sentence. Many people are gainfully employed such that this would not require employment being noted as something unusual or be afforded more weight. *See Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App.

2003) (where we evaluated employment as a mitigating factor). Moreover, the trial court already took Sanchez's support of his family in consideration when finding that a long period of incarceration would result in undue hardship to Sanchez's minor children. Although Sanchez pled guilty, he received a significant benefit by pleading guilty to only one of three Counts. Even though the trial court noted he expressed remorse, Sanchez does not appear to accept responsibility for his criminal actions and has not only blamed others for his current offense, but also blamed the officer conducting the PSI investigation for his troubles in Texas. Therefore, in light of the facts before us, we conclude that trial court's imposed sentence is not inappropriate.

# CONCLUSION

[16] Based on the foregoing, we hold that Sanchez's sentence is not inappropriate in light of the offense and his character.

[17] Affirmed.

[18] Mathias, J. and Tavitas, J. concur